Opinion
WOODWORTH, P. J.
These appeals have been consolidated because of the common issues to be discussed. In People v. Marion, El Cajon Judicial District, Michael J. Brennan, judge presiding, the appeal is from a conviction of violating subdivisions (a) and (b) of Vehicle Code section 23152, *Supp. 3 and from the subsequent order granting probation. In People v. Gompper, North County Judicial District, Raymond G. Hall, judge presiding, the appeal is from a conviction of violating Vehicle Code section 23152, subdivision (a) and from the subsequent order granting probation. In addition to the issues discussed below, the appellants have raised other issues which this court has reviewed and finds not to merit discussion (although hardly eristic as asserted by respondent). For the reasons set forth below, the judgment of the trial court is affirmed in both cases.

Issues Analyzed

In both cases the appellant contends that the citation filed in lieu of a formal complaint pursuant to Penal Code section 853.9, subdivision (b) or Vehicle Code section 40513, subdivision (b)[1] was defective in that it was *Supp. 4 not signed as required by Penal Code section 853.6[2] and Vehicle Code section 40504.[3] See copies of the two citations appended hereto as exhibits A and B. Furthermore, in the Gompper case, the appellant contends that the rubber stamp reading “amended 23152(b)VC” violates the requirement of Penal Code section 853.9, subdivision (b) that “an exact and legible duplicate copy” be filed. The appellant concludes that such defects violate the fundamental requirement of Penal Code section 950[4] that criminal prosecutions must be initiated by filing a complaint; that the failure to file a proper complaint deprives the court of jurisdiction to proceed; and that all purported proceedings following such a defective complaint are therefore void. The respondent contends, simply, that the citation-complaints herein do comply with the statutory requirements. Secondarily respondent contends *Supp. 5 that the defects, if any, are merely procedural and are waived if not attacked at the outset by demurrer.[5]

Procedural History of Marion Case

Judge Brennan adopted the respondent’s proposed statement as the settled statement of facts in this case. The appellant was arrested on February 25, 1983, and transported to the San Diego County jail. The arresting officer issued a citation on a form approved by the Judicial Council an exact copy of which is annexed as exhibit A. The signature line and appearance date were left blank. The appellant was released on her own recognizance after booking. She did sign the sheriff’s release form, acknowledging her court appearance date as March 25, 1983. On March 9, 1983, the district attorney filed the original verified citation with the municipal court clerk. On March 25, 1983, the appellant appeared through counsel, received a copy of said citation, waived reading of the complaint, and entered a plea of not guilty. Her attorney appeared at various hearings on April 15, May 12, June 6, July 6, August 23, September 21. Finally on October 13, 1983, the appellant appeared for trial, waived a jury, and proceeded to trial before the court. After extensive testimony by the People’s witnesses, defense counsel for the first time, during cross-examination of the arresting officer, announced that she intended to assert that the citation was not a valid complaint, that the court had no jurisdiction, and that the case should be dismissed. The court heard and denied the motion to dismiss, ruling that the citation was a valid accusatory pleading and that, independently, such an objection is waived if not asserted before trial. The appellant was found guilty by the court, upon substantial evidence, of violating both subdivisions (a) and (b) of Vehicle Code section 23152.

Procedural History of Gompper Case

By stipulation in open court at the November 18, 1983, session of the appellate department, counsel have limited the scope of this appeal to “the *Supp. 6 jurisdictional issue of the sufficiency of the complaint. ” On January 17, 1982, the appellant was arrested in San Diego County for violating Vehicle Code section 23152, subdivision (a). A citation was issued on a form approved by the Judicial Council, an exact copy of which is annexed hereto as exhibit B. The signature line and appearance date were left blank. On February 2, 1982, this citation was filed with the municipal court clerk in lieu of a formal complaint. On the face of the citation is stamped “amended 23152(b)VC,” without explanation of the source of such amendment. An appearance date was scheduled February 19, 1982, but appellant appeared by counsel on February 18 and entered a plea of not guilty. Counsel appeared at later hearings on March 29, May 6, July 14, October 1 and November 5. On December 1, 1982, the matter proceeded to jury trial. The jury was impaneled and, after testimony by the arresting officer, the defendant moved to dismiss the case pursuant to sections 853.6 and 853.9 of the Penal Code. The court denied the motion finding no prejudice to the appellant. The appellant was subsequently found guilty by the jury of count one only, Vehicle Code section 23152, subdivision (a). There was substantial evidence to support the conviction. The defendant duly appealed, contending that the unsigned citation does not comply with Penal Code section 853.9, subdivision (b) and, even if it did at the outset, the enfaced amendment violates the requirement of “an exact and legible duplicate copy.”

Construction of Penal Code Section 853.9, Subdivision (b)

Subdivision (b) was added to Penal Code section 853.9, substantially in its present form, in 1967. This change simply mirrored the amendment of Vehicle Code section 40513 which had been enacted in 1965. The plain objective of both amendments was to allow “an exact and legible duplicate copy of the notice” to constitute a complaint upon which the defendant may enter a plea of not guilty and proceed to trial. Previously subdivision (a) of Vehicle Code section 40513—and before 1959, Vehicle Code sections 739 and 739.1—had provided that the citation could be used as a complaint only for the purpose of a plea of guilty or nolo contendere. Vehicle Code section 40504 at all times provided: “(a) The officer shall deliver one copy of the notice to appear to the arrested person and the arrested person . . . must give his written promise to appear. . . . Thereupon the arresting officer shall forthwith release the person arrested from custody.” The whole statutory pattern makes it clear that the “notice to appear” referred to in Penal Code section 853.9, subdivision (b) means nothing more nor less than a “citation” or “ticket” signed by the citee and incorporating his promise to appear in court. Moreover the very word “notice” imports something that has been communicated to the defendant and excludes the notion of a document prepared by the police officer out of the defendant’s presence. The requirement in subdivision (b) that the notice shall have been “prepared on a form *Supp. 7 approved by the Judicial Council” must be regarded as an additional requirement, not dispensing with the essential ingredient of the defendant’s signature.
Furthermore the plain language “an exact and legible duplicate copy” denotes that no material change shall be made on the face of the citation if it is to be used in lieu of a complaint. We therefore conclude that neither of the citations in this case complied with the requirements of section 853.9, subdivision (b).

The Defect Is Procedural, Not Jurisdictional

Since Penal Code section 853.9, subdivision (b) is a narrowly defined exception to the general statutory requirement of a formal complaint (see fit. 4), it is necessary to inquire whether noncompliance with section 853.9, subdivision (b) deprives the court of jurisdiction. Before the enactment of subdivision (b), a number of reported decisions held that a trial court does not have jurisdiction to proceed if the defendant purports to enter a not guilty plea upon a citation-complaint. Anger v. Municipal Court (1965) 237 Cal.App.2d 69 [46 Cal.Rptr. 577]; Gavin v. Municipal Court (1960) 184 Cal.App.2d 712 [7 Cal.Rptr. 732]; Rupley v. Johnson (1953) 120 Cal.App.2d 548 [261 P.2d 318], Ironically it was the prosecutor in each of these cases who successfully contended that all subsequent proceedings upon such a defective complaint were void. In principle, of course, the defect of lack of jurisdiction may be raised on appeal, even though it were not raised in the trial court. (People v. Gann (1968) 259 Cal.App.2d 706 at p. 709 [66 Cal.Rptr. 508].)
It would be easy, but not entirely convincing, to decide that such cases as Anger are inapplicable merely because they were decided before the enactment of subdivision (b). Appellant argues forcefully, however, that if noncompliance with subdivision (a) was jurisdictional, then, by a parity of reasoning, noncompliance with subdivision (b) should be equally fatal. In our opinion the essential distinction is that under subdivision (a) the statute explicitly barred treating the citation as a complaint upon a plea of not guilty whereas under subdivision (b) the use of the citation-complaint is clearly countenanced in principle. The defect consists in a failure to meet the statutory requirements; not in the utter failure to file even a colorable complaint.
Even more persuasive, however, is the analogy of People v. Wilson (1963) 60 Cal.2d 139, 151 [32 Cal.Rptr. 44, 383 P.2d 452], It was there held that failure to bring a felony defendant to trial within 60 days is manifestly error, but error which must be rectified by pretrial extraordinary writ *Supp. 8 proceedings. Upon appeal, the court held, it is “very simply too late for defendant to seek to be relieved of a delay that no longer exists.” The court thus held that noncompliance with the statutory mandate of trial within 60 days was not a jurisdictional defect. The court attempted, with arguable success, to distinguish the earlier rule of People v. Elliott (1960) 54 Cal.2d 498, 505 [6 Cal.Rptr. 753, 354 P.2d 225] in which the court had unanimously held that “prejudice must be presumed” (at p. 506) when a mandatory statute, affecting the defendant’s right to a fair trial, has admittedly been violated.
As Witkin points out in California Criminal Procedure, section 24, page 28, “jurisdiction” is a term of multiple meanings. In such cases as Anger v. Municipal Court, supra, 23 Cal.App.2d 69, it was manifestly not a question of subject-matter jurisdiction nor of jurisdiction over the person. The defendant there was voluntarily before the court. What that court was talking about was jurisdiction to act in accordance with statutory requirements. See the examples supplied by Witkin, op. cit. supra, at page 32. This is simply a mode of describing the principle that a court is obliged to act within certain statutory constraints; it is hazardous to rely on cases employing the word “jurisdiction” in this sense. See Witkin, op. cit. supra, page 733 for examples of defects of jurisdiction or due process that are of such magnitude as to require reversal per se. The instant cases are not of this magnitude.

Remedies Available to a Defendant

The message conveyed by People v. Wilson, supra, 60 Cal.2d 139, is that, in general, such errors must be attacked before trial. The thrust of appellants’ argument herein is that the citation-complaint does not conform either to the requirements of Penal Code section 853.9, subdivision (b) or to the general requirements of Penal Code section 950 governing formal complaints. Penal Code section 1004, subdivision 2 provides that the defendant may demur to the complaint before entry of a plea when it “does not substantially conform to the provisions of Sections 950 and 952 ....'” Penal Code section 1012 in turn provides that such objections can be taken only by demurrer, and “failure so to take it shall be deemed a waiver thereof”—except for objections to the jurisdiction of the court, a possibility we have already disposed of above. It might be arguable that a pretrial motion to dismiss should be available in an unusual case, but that issue is not before us. The provisions of Penal Code section 1007 highlight the policy of the law favoring liberal amendment: “If the demurrer is sustained . . . the court must, if the defect can be remedied, permit the filing of an amended complaint within such time not exceeding 10 days as it may fix.” (Italics added.) If the trial court erroneously overrules the demurrer or denies leave to amend, the defendant’s remedy is by pretrial writ pro *Supp. 9 ceedings. If the writ is erroneously denied, then in accordance with People v. Wilson, supra, 60 Cal.2d 139, there is no appellate remedy available, unless the appellant can show that he has suffered prejudice. Such a showing is hard to imagine in cases of this kind. At all events, the present appellants did not get over the first hurdle of challenging the error before trial, by demurrer or otherwise.

The Law Favors Disposition Upon the Merits, Not Upon Procedural Niceties

The California Constitution and the Penal Code make it abundantly clear that, except in extraordinarily compelling cases, judgments are not to be reversed for procedural errors. (Cal. Const., art. VI, § 13; Pen. Code, §§ 960, 1258, 1404 and 1469.)[6]

Disposition

The judgment of conviction and order granting probation are affirmed in both cases. In view of the frequent recurrence of these issues in the trial courts, we order the publication of this opinion.
Milkes, J., and McConnell, J., concurred.
*Supp. 10 Exhibit A

*Supp. 11 Exhibit B

Penal Code section 853.9 provides as follows: “(a) Whenever written notice to appear has been prepared, delivered, and filed by an officer or the prosecuting attorney with the court pursuant to the provisions of Section 853.6 of this code, an exact and legible duplicate copy of the notice when filed with the magistrate, in lieu of a verified complaint, shall constitute a complaint to which the defendant may plead ‘guilty’ or ‘nolo contendere.’ [1] If, however, the defendant violates his or her promise to appear in court, or does not deposit lawful bail, or pleads other than ‘guilty’ or ‘nolo contendere’ to the offense charged, a complaint shall be filed which shall conform to the provisions of this code and which shall be deemed to be an original complaint; and thereafter proceedings shall be had as provided by law, except that a defendant may, by an agreement in writing, subscribed by him or her and filed with the court, waive the filing of a verified complaint and elect that the prosecution may proceed upon a written notice to appear. [H] (b) Notwithstanding the provisions of subdivision (a) of this section, whenever the written notice to appear has been prepared on a form approved by the Judicial Council, an exact and legible duplicate copy of the notice when filed with the magistrate shall constitute a complaint to which the defendant may enter a plea and, if the notice to appear is verified, upon which a warrant may be issued. If the notice to appear is not verified, the defendant may, at the time of arraignment, request that a verified complaint be filed.”
Vehicle Code section 40513 provides: “(a) Whenever written notice to appear has been prepared, delivered, and filed with the court, or whenever notice has been given pursuant to tiie provisions of Section 41102, an exact and legible duplicate copy of the notice when filed with the magistrate, in lieu of a verified complaint, shall constitute a complaint to which the defendant may plead ‘guilty’ or ‘nolo contendere.’ [f] If, however, the defendant violates his promise to appear in court or does not deposit lawful bail, or pleads other than ‘guilty’ or ‘nolo contendere’ to the offense charged, a complaint shall be filed which shall conform to the provisions of Chapter 2 (commencing with Section 948) of Title 5, Part 2 of the Penal Code, and which shall be deemed to be an original complaint, and thereafter proceedings shall be had as provided by law, except that a defendant may, by an agreement in writing, subscribed by him and filed with the court, waive the filing of a verified complaint and elect that the prosecution may proceed upon a written notice to appear. [1] (b) Notwithstanding the provisions of subdivision (a) of this section, whenever the written notice to appear has been prepared on a form approved by the Judicial Council, an exact and legible duplicate copy of the notice when filed with the magistrate shall constitute a complaint to which the defendant may enter a plea and, if the notice to appear is verified, upon which a warrant may be issued. If the notice to appear is not verified, the defendant may, at the time of arraignment, request that a verified complaint be filed.”

Section 853.6 provides: “(a) In any case in which a person is arrested for an offense declared to be a misdemeanor and does not demand to be taken before a magistrate, that person may, instead of being taken before a magistrate, be released according to the procedures set forth by this chapter. If the arresting officer or his or her superior determines that the person should be released, the officer or superior shall prepare in duplicate a written notice to appear in court, containing the name and address of the person, the offense charged, and the time and place where and when the person shall appear in court. If the person is not released prior to being booked and the officer in charge of the booking or his or her superior determines that the person should be released, the officer or superior shall prepare a written notice to appear in a court, [f] . . . [H] (d) The officer shall deliver one copy of the notice to appear to the arrested person, and the arrested person, in order to secure release, shall give his or her written promise so to appear in court by signing the duplicate notice which shall be retained by the officer. Thereupon the arresting officer shall immediately release the person arrested from custody. [U] (e) The officer shall, as soon as practicable, file the duplicate notice, as follows: [H] (1) It shall be filed with the magistrate if the offense is an infraction, [f] (2) It shall be filed with the magistrate if the prosecuting attorney has previously directed the officer to do so. [f] (3) The duplicate notice and underlying police reports in support of the charge or charges shall be filed with the prosecuting attorney in cases other than those specified in paragraphs (1) and (2). [f] If the duplicate notice is filed with the prosecuting attorney, he or she, within his or her discretion, may initiate prosecution by filing the notice or a formal complaint with the magistrate specified therein within 25 days from the time of arrest. If the prosecution is not to be initiated, the prosecutor shall send notice to the person arrested at the address on the notice to appear. The failure by the prosecutor to file the notice or formal complaint within 25 days of the time of the arrest shall not bar further prosecution of the misdemeanor charged in the notice to appear; however, any further prosecution shall be preceded by a new and separate citation or an arrest warrant. [H] . . . [H] (h) A peace officer may use the written notice to appear procedure set forth in this section for any misdemeanor offense in which the officer has arrested a person pursuant to Section 836 or in which he or she has taken custody of a person pursuant to Section 847.”

Section 40504 provides: “(a) The officer shall deliver one copy of the notice to appear to the arrested person and the arrested person in order to secure release must give his written promise to appear in court or before a person authorized to receive a deposit of bail by signing two copies of the notice which shall be retained by the officer. Thereupon the arresting officer shall forthwith release the person arrested from custody, [f] (b) Any person who signs a written promise to appear with a false or fictitious name is guilty of a misdemeanor regardless of the disposition of the charge upon which he was originally arrested.”

Penal Code section 950 provides: “The accusatory pleading must contain: [f] 1. The title of the action, specifying the name of the court to which the same is presented, and the names of the parties; [1f] 2. A statement of the public offense or offenses charged therein.”

See Penal Code section 1004, which provides: “The defendant may demur to the accusatory pleading at any time prior to the entry of a plea, when it appears upon the face thereof either: [t] 1. If an indictment, that the grand jury by which it was found had no legal authority to inquire into the offense charged, or, if an information or complaint that the court has no jurisdiction of the offense charged therein; [H] 2. That it does not substantially conform to the provisions of Sections 950 and 952, and also Section 951 in case of an indictment or information; [t] 3. That more than one offense is charged, except as provided in Section 954; [H] 4. That the facts stated do not constitute a public offense; [f] 5. That it contains matter which, if true, would constitute a legal justification or excuse of the offense charged, or other legal bar to the prosecution.”
And see Penal Code section 1012, which provides: “When any of the objections mentioned in Section 1004 appears on the face of the accusatory pleading, it can be taken only by demurrer, and failure so to take it shall be deemed a waiver thereof, except that the objection to the jurisdiction of the court and the objection that the facts stated do not constitute a public offense may be taken by motion in arrest of judgment.”

The texts read:
“§ 960. No accusatory pleading is insufficient, nor can the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form which does not prejudice a substantial right of the defendant upon the merits.”
“§ 1258. After hearing the appeal, the court must give judgment without regard to technical errors or defects, or to exceptions, which do not affect the substantial rights of the parties. ”
“§ 1404. Neither a departure from the form or mode prescribed by this code in respect to any pleading or proceeding, nor an error or mistake therein, renders it invalid, unless it has actually prejudiced the defendant, or tended to his prejudice, in respect to a substantial right."
“§ 1469. Upon appeal by the people the reviewing court may review any question of law involved in any ruling affecting the judgment or order appealed from, without exception having been taken in the trial court. Upon an appeal by a defendant the court may, without exception having been taken in the trial court, review any question of law involved in any ruling, order, instruction, or thing whatsoever said or done at the trial prior to or after judgment, which thing was said or done after objection made in and considered by the trial court and which affected the substantial rights of the defendant. ...”