[Civ. No. 4514. Fifth Dist. July 24, 1979.]

BOARD OF TRUSTEES OF THE CALIFORNIA STATE
UNIVERSITY AND COLLEGES, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE SAN LUIS OBISPO JUDICIAL
DISTRICT OF SAN LUIS OBISPO COUNTY,
Defendant and Respondent.

**COUNSEL**

George Deukmejian, Attorney General, and Thomas Scheerer, Deputy Attorney General, for Plaintiff and Appellant.

James B. Lindholm, Jr., County Counsel, and David K. Hughes, Deputy County Counsel, for Defendant and Respondent.

**OPINION**

**HOPPER, J.**—We here consider whether a municipal court, before a verified complaint has been filed, has a duty, enforceable by mandamus, to accept for filing and processing the duplicate notices of parking violations left by campus police on unattended and illegally parked vehicles at a state college campus.

The statutory procedure for handling vehicle parking violations of residents of the state consists of the following steps:

Step one: Notice of parking violation placed on the vehicle (Veh. Code, § 41103, subd. (1)). That notice sets out the amount of the bail.

Step two: If the bail set out in the step one notice is paid, there are no further proceedings.

Step three: If bail is not paid, a notice of the violation is delivered (personally or by mail) to the registered owner. This notice informs the registered owner that unless he appears in court within 10 days and

answers the charge (or completes and files an affidavit of nonownership), the renewal of his registration is contingent upon his compliance with the notice of violation and that, failing such compliance, a warrant or citation to appear may be issued against him (Veh. Code, § 41103, subd. (2)).

Step four: If the bail set out in the step three notice is timely paid, there are no further proceedings.

Step five: If the bail set out in the step three notice is *not* paid, the court has the option to issue an arrest warrant (*upon the filing of a complaint*) or to notify the Department of Motor Vehicles of noncompliance. In the latter situation, the Department of Motor Vehicles will refuse to renew the vehicle registration on that vehicle without payment of the bail and added service charges (Veh. Code, § 4760).

The registered owner has the option at all times before so-called bail forfeiture to contest the matter in court.

On July 20, 1978, the Municipal Court of San Luis Obispo County (hereinafter Municipal Court) informed California Polytechnic State University, San Luis Obispo, California (hereinafter Cal-Poly) by letter that effective September 1, 1978, Municipal Court was eliminating the service of processing parking citations placed on unattended, illegally parked vehicles on the Cal-Poly campus.[1] The reason for Municipal Court's change in policy was the reduction in the amount of funds available to Municipal Court in the aftermath of the passage of Proposition 13.

---

[1]A typical Cal-Poly citation entitled in large capitals "NOTICE OF PARKING VIOLATION," signed and dated by an officer, after setting out the license, location, make, and time, boxes to be checked for the particular Vehicle Code parking violation alleged, and providing the amount of the bail, stated: "Note: You are charged with a violation of university parking regulations, or provisions of the Vehicle Code, and you may either (1) deposit required amount of bail via mail in envelope provided, or (2) deposit bail at the municipal court, 900 Osos St., Room 317, San Luis Obispo, or (3) if you wish to contest this violation you may appear at municipal court, 900 Osos St., Room 317, at 2:30 PM, Wednesday. You must do one of the preceding choices within 14 days. If required bail is deposited within 14 days from the date of citation, no further appearance is necessary. Failure to appear or deposit bail will result in proceedings against the registered owner as prescribed 41102 of the Vehicle Code. Municipal court office hours are 8:30-12:00 AM and 1:00-4:30 PM Monday thru Friday. except holidays. [*] In accordance with section 21113 of the Vehicle Code of the State of California, the Administration of California Polytechnic State University declares the above motor vehicle regulations in force and such other sections of the Vehicle Code that may apply."

The citation was accompanied by an envelope placed on the vehicle addressed to Cal-Poly.

Once step five is reached and a complaint is properly filed, Municipal Court concedes that it is required to proceed with prosecution of the violation.[2]

Cal-Poly sought a writ of mandate in the superior court to require Municipal Court to set aside its announced decision of July 20, 1978, and to order Municipal Court to process Cal-Poly parking citations as before. That writ was denied, and Cal-Poly appeals.

■ Cal-Poly contends that Municipal Court should be ordered to resume the processing of the notices of parking violations because the filing of such notice is the equivalent of the filing of a complaint pursuant to Vehicle Code section 40513.

Vehicle Code section 40513 provides: "(a) Whenever written notice to appear has been prepared, delivered, and filed with the court, or whenever notice has been given pursuant to the provisions of Section 41102, an exact and legible duplicate copy of the notice when filed with the magistrate, in lieu of a verified complaint, shall constitute a complaint to which the defendant may plead 'guilty' or 'nolo contendere.'

"If, however, the defendant violates his promise to appear in court or does not deposit lawful bail, or pleads other than 'guilty' or 'nolo contendere' to the offense charged, a complaint shall be filed which shall conform to the provisions of Chapter 2 (commencing with Section 948) of Title 5, Part 2 of the Penal Code, and which shall be deemed to be an original complaint, and thereafter proceedings shall be had as provided by law, except that a defendant may, by an agreement in writing, subscribed by him and filed with the court, waive the filing of a verified complaint and elect that the prosecution may proceed upon a written notice to appear.

"(b) Notwithstanding the provisions of subdivision (a) of this section, whenever the written notice to appear has been prepared on a form approved by the Judicial Council, an exact and legible duplicate copy of the notice when filed with the magistrate shall constitute a complaint to which the defendant may enter a plea and, if the notice to appear is verified, upon which a warrant may be issued. If the notice to appear is

[2]Since 1975 Municipal Court has not assumed jurisdiction as to parking violations in any of the incorporated cities in the county or at Cuesta College. Prior to September 1, 1978, Cal-Poly was exempted from that policy and Municipal Court assumed jurisdiction insofar as Cal-Poly was concerned from the placing of the original notice on the vehicle.

not verified, the defendant may, at the time of arraignment, request that a verified complaint be filed."

We are not persuaded that the filing of the notice of parking violation is the equivalent of the filing of a complaint pursuant to Vehicle Code section 40513. Vehicle Code section 40513 does not mean that any notice is in lieu of the complaint but, rather, that it is a notice to which a plea of guilty (or nolo contendere) can be entered, and until then it is simply a notice to which a fine may be paid.

The notice in this case is simply not a notice to appear within the statutes.[3]

The phrase "or whenever notice has been given pursuant to the provisions of section 41102" in Vehicle Code section 40513, subdivision (a), should be read in conjunction with the balance of Vehicle Code section 40513 and within the whole context of the particular article 2 (div. 17) of the Vehicle Code in which section 40513 appears, that article being entitled "Release Upon Promise to Appear." So read, the portion of Vehicle Code section 41102, referred to in Vehicle Code section 40513, would mean the notice to appear mentioned in section 41103, subdivision (2). The Legislature, of course, could have provided that the original parking ticket was a notice to appear in court. Both Vehicle Code section 41103, subdivision (2), and Vehicle Code section 41103, subdivision (3) (re nonresidents), do provide for a notice to appear *in court*. Vehicle Code section 41103, subdivision (1), does not.

Cal-Poly further argues that the *bail* amounts set forth on a parking violation notice may only be paid initially to the court. We agree with Municipal Court that there is no statutory requirement that parking violation fines must be initially paid to the court. The term "bail" on the parking notice in this case is *not* intended to insure a person's attendance in court. Instead, it is a method available to persons who desire to eliminate the necessity of an appearance. In effect, it is a fine rather than true bail in the traditional sense. (See *McDermott* v. *Superior Court* (1972)

---

[3]Even if the form used were delineated a notice to appear or purported to be on a form approved by the Judicial Council (Veh. Code, § 40513, subd. (b)) and sworn to under penalty of perjury, it would not meet due process requirements because it is not completed with the name of the accused. Reliance by Cal-Poly on *People* v. *Erving* (1961) 189 Cal.App.2d 283, 290 [11 Cal.Rptr. 203], and *People* v. *McCrae* (1963) 218 Cal.App.2d 725, 728-730 [32 Cal.Rptr. 500], is to no avail in light of the due process requirements as to accusatory pleadings and in particular factual averments therein for the issuance of an arrest warrant such as set forth in *People* v. *Sesslin* (1968) 68 Cal.2d 418 [67 Cal.Rptr. 409, 439 P.2d 321].

6 Cal.3d 693, 696 [100 Cal.Rptr. 297, 493 P.2d 1161].) Penal Code sections 1269, 1269b, 1295, 1463, and Vehicle Code sections 40309 and 40309.5, relied upon by Cal-Poly, simply are inapplicable to the *bail* set out on a notice of parking violation. Penal Code sections 1269, 1269b and 1295 apply to true bail. Vehicle Code section 40309 applies only to a citation and must be personally served. The "bail" mentioned in Vehicle Code section 40309.5 means "fine," rather than true bail. The language in Vehicle Code section 40309.5 that the notice of violation must be accompanied by "the address of the person authorized to receive a deposit of bail" does not define such person. Our attention has not been called to any statute prohibiting the enforcement agency from being such a person. In fact, as indicated *ante,* the envelope left with the parking notice is addressed to Cal-Poly.

Penal Code section 1463 provides in pertinent part: "All fines and forfeitures including Vehicle Code fines and forfeitures collected upon conviction or upon the forfeiture of bail, together with moneys deposited as bail, in any municipal court or justice court, shall, as soon as practicable after the receipt thereof, be deposited with the county treasurer of the county in which such court is situated."

Penal Code section 1463.5a provides the method of disposition of fines and forfeitures from violations of parking regulations on property of state colleges where the arrest or notification was by a member of the state college police. That section specifically states that the transfer of funds is to be "out of the moneys deposited with the county treasurer pursuant to Section 1463, . . ."

Only fines and forfeitures collected upon conviction or upon the forfeiture of true bail by failure to appear (or which is in fact deposited as bail directly in the municipal court) are required to be deposited with the county treasurer pursuant to Penal Code section 1463. Thus, money received as the fine on the original parking ticket which is paid directly to the enforcing agency (Cal-Poly in the instant case) is not required to be deposited with the county treasurer because it is neither true bail nor a true forfeiture of bail.

The critical question is *when* Municipal Court can be required to assume jurisdiction. We conclude that it is *not* when the procedure is at the step one level. Only at a later step, when a complaint (with supporting affidavit) is filed, is the court required to act. Up until that time the payment and receipt of money for a parking ticket is an administrative

function which does not require the use of the judicial branch of government.

Claims of preemption or of a lack of uniformity only serve to cloud the issue. There is no preemption of state law or lack of uniformity involved at all in this situation. This holding in no way is intended to suggest that a university (or city) may establish its own system of parking fines outside the provisions and limitations of the bail schedule set up strictly in accordance with the state law.

There is no clear duty to act on the part of Municipal Court in this case and the superior court did not err by denying a writ of mandate. (See 5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, § 61, p. 3838; Frank, Cal. Civil Writs (Cont.Ed.Bar 1970) §§ 5.17 and 5.22, pp. 72-73 and 76-77.)

The judgment is affirmed.

Franson, Acting P. J., and Zenovich, J., concurred.