[Civ. No. 18839. Fourth Dist., Div. One. Feb. 26, 1980.]

CITY OF SAN DIEGO, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE SAN DIEGO JUDICIAL
DISTRICT OF SAN DIEGO COUNTY et al., Defendants and
Respondents.

[Civ. No. 18882. Fourth Dist., Div. One. Feb. 26, 1980.]

SAN DIEGO UNIFIED SCHOOL DISTRICT, Plaintiff
and Appellant, v.
THE MUNICIPAL COURT FOR THE SAN DIEGO
JUDICIAL DISTRICT OF SAN DIEGO
COUNTY et al., Defendants and Respondents.

COUNSEL

John W. Witt, City Attorney, and Janis Sammartino Gardner, Deputy City Attorney, for Plaintiff and Appellant in No. 18839.

Ralph D. Stern and Ben Echeverria for Plaintiff and Appellant in No. 18882.

Donald L. Clark, County Counsel, and C. Larry Davis, Deputy County Counsel, for Defendants and Respondents.

OPINION

**COLOGNE, Acting P. J.**—The City of San Diego (City) and San Diego Unified School District (District), petitioner in intervention, appeal a judgment in these consolidated cases denying their petition for writ of mandate and declaratory relief challenging the decision of the Municipal Court of the State of California for the San Diego Judicial District and the San Diego Municipal Court Clerk to no longer process notices of parking violations.

For the past several years, the San Diego Municipal Court has processed parking citations issued by the City and by the District. When a notice of parking violation is issued by the City police officers or by parking controllers for the District, a copy of the notice is attached to the unattended vehicle (Veh. Code, § 41103, subd. (1)) and the original copy of the notice is forwarded to the traffic division of the municipal court.

The notice left on the vehicle expressly states that bail may be posted by mail to "the person authorized to receive a deposit of bail" (Veh. Code, §§ 40309, 40309.5). It also contains information regarding the place and possible times for appearances and states the failure to appear or to post bail will result in legal proceedings against the registered owner of the violating vehicle. If the appropriate amount is paid to the court, no further proceedings will follow.

The parties inform us, as a matter of practice, after a certain time period sufficient to allow receipt of the money, the municipal court returns outstanding notices to the issuing agency, along with a listing of the names and addresses of the registered owners. The issuing agent then determines whether a verified complaint is to be filed with the municipal court. If a verified complaint is filed and formal prosecution initiated, a second notice is served upon the registered owner of the vehicle.

On July 21, 1978, the municipal court clerk notified the City and District, along with 12 other public enforcing agencies, that after January 1, 1979, his office would not process parking violation notices prior to the filing of a verified complaint with the court. At the request of the City, the municipal court agreed to continue processing notices of parking violations through February 28, 1979, in order to allow the City to prepare for the assumption of processing responsibilities.

The City and the District contend a municipal court does not have the authority to discontinue the processing of parking violations because applicable statutory law of California requires municipal court involvement at all stages of such processing.

■ A writ of mandate lies "to compel the performance of an act which the law specially enjoins, as a duty resulting from an office . . ." (Code Civ. Proc., § 1085). A court with jurisdiction over an action or proceeding has a positive duty to exercise that jurisdiction and, if it refuses, may be compelled by mandamus to assume jurisdiction (see *Robinson v. Superior Court* (1950) 35 Cal.2d 379, 383 [218 P.2d 10]; see also generally 5 Witkin, Cal. Procedure (2d ed. 1971) § 79 et seq., p. 3856 et seq.). ■ The jurisdiction of the municipal court is limited to cases and proceedings in which it is expressly conferred (*Davis v. Superior Court* (1972) 25 Cal.App.3d 596, 599 [102 Cal.Rptr. 238]). At issue here is whether the municipal court has a duty to perform the services requested by the City and District.

The authority of the municipal court to accept and process notices of parking violations, acts which necessarily precede the filing of a complaint, is not expressly conferred by statute. Penal Code section 1462 provides that municipal and justice courts have exclusive jurisdiction in all cases involving violation of ordinances of cities or towns within the court district. The filing of a complaint, however, is essential to invoke the jurisdiction of the court (*Rupley v. Johnson* (1953) 120 Cal.App.2d 548, 552 [261 P.2d 318]; see also Pen. Code, § 949). Such a rule applies to infractions as well as crimes (Pen. Code, § 19d).

Therefore, we conclude that until a complaint is filed the municipal court does not have a duty enjoined by law to exercise its jurisdiction in matters involving parking violations established by local ordinance. We are unable to find statutory authority that provides the filing of the notice of a parking violation is the equivalent of the filing of a complaint. Vehicle Code sections relied on by the City and District provide only the procedure by which the offender is advised he is permitted to pay a fine by mail or in person and avoid further proceedings.

Vehicle Code section 40513 reads, in part, as follows: "(a) Whenever written notice to appear has been prepared, delivered, and filed with the court, or whenever notice has been given pursuant to the provisions of Section 41102, an exact and legible duplicate copy of the notice when filed with the magistrate, in lieu of a verified complaint, shall constitute

a complaint to which the defendant may plead 'guilty' or 'nolo contendere.'" This does not mean any notice given is the equivalent of a complaint; rather, it is a notice to which a plea of guilty (or nolo contendere) may be entered after it is filed with the magistrate, and until then it is simply a notice that a sum is due for the offense and may be paid to avoid further proceedings (*Board of Trustees* v. *Municipal Court* (1979) 95 Cal.App.3d 322, 326 [157 Cal.Rptr. 133]).

The City and District also argue that Penal Code section 1463 implies fines and forfeitures should be paid by the municipal court. That section reads, in part, as follows: "(1) All fines and forfeitures including Vehicle Code fines and forfeitures collected upon conviction or upon the forfeiture of bail, together with moneys deposited as bail, in any municipal court or justice court, shall, as soon as practicable after the receipt thereof, be deposited with the county treasurer of the county in which such court is situated. The moneys so deposited shall be distributed as follows:. . ." We concur with the opinion of *Board of Trustees* v. *Municipal Court, supra,* 95 Cal.App.3d 322, at page 327: "Only fines and forfeitures collected upon conviction or upon the forfeiture of true bail by failure to appear (or which is in fact deposited as bail directly in the municipal court) are required to be deposited with the county treasurer pursuant to Penal Code section 1463. Thus, money received as the fine on the original parking ticket which is paid directly to the enforcing agency (Cal-Poly in the instant case) is not required to be deposited with the county treasurer because it is neither true bail nor a true forfeiture of bail."

Similarly, Vehicle Code sections 41103.5 and 4760 provide a means whereby the Department of Motor Vehicles, as part of the registration process, can collect the full amount of bail for parking offenses where the owner or lessee who received a notice of violation has failed to deposit. The department must return the collected moneys, after deducting its costs, to "each jurisdiction in the amounts due to each jurisdiction according to its unadjudicated notices of violation. . . ." (Veh. Code, § 4762.) The statute makes no reference to the courts. When the bail (fine) is not paid in the manner authorized under Vehicle Code sections 40309, 40309.5, 40513, 41102 and 41103, then a complaint may be filed and prosecution instituted in municipal court. These sections only set out procedure and requisite notice before the criminal proceedings may follow. However, once the complaint is filed and criminal proceedings have been instituted, the municipal court cannot abdicate

jurisdiction. Fines and bail forfeitures will then be handled by the court in the manner specified under Penal Code section 1463.

The judgment denying the writ of mandate is affirmed.

Wiener, J., and Henderson, J.,* concurred.

*Assigned by the Chairperson of the Judicial Council.