TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

------------------------------
                              :

OPINION         :

                   :

     of         :   No. 86-1007

                   :

JOHN K. VAN DE KAMP  :  <u>OCTOBER 26, 1987</u>

Attorney General      :

                   :

JACK R. WINKLER      :

Assistant Attorney General  :

                   :

-----------------------------------------------------------------

THE HONORABLE WILLIAM DAVIS, DIRECTOR, ADMINISTRATIVE OFFICE OF THE COURTS, has requested an opinion on the following question:

Can a Notice of Delinquent Parking Violation serve as a Notice to Appear upon which a warrant of arrest may issue for an alleged violation of Vehicle Code section 40508 under the circumstances set forth under Vehicle Code sections 40206.5, 40209, 40210, 40215, 40220, 40223 and 40230 and if so, can a warrant of arrest be issued based upon the filing of a Notice of Delinquent Parking Violation that is verified by the "processing agency"?

CONCLUSION

A Notice of Delinquent Parking Violation will not serve as a basis for the issuance of a warrant of arrest for violation of Vehicle Code section 40508.

ANALYSIS

The question presented for this opinion concerns a new procedure governing parking violations enacted by Chapter 939, Statutes of 1986. That chapter added article 3 entitled "Procedure on Parking Violations" (§§ 40200 through 40230) to chapter 1 of Division 17 of the Vehicle Code.[1]

---

[1]Section references are to the Vehicle Code unless otherwise indicated.

The first step in the new parking violation procedures is attaching a "Notice of Parking Violation" to the vehicle found parked unattended[2] in violation of the law. (Section 40202.) This notice must be accompanied by a notice of the penalty due for the violation stating where the penalty may be paid and that it may be sent by mail. (§ 40203.) If payment is received the proceedings terminate. (§ 40204.)

"If the payment of the parking penalty is not received by the person authorized to receive a deposit of the parking penalty by the time and date fixed for appearance on the notice of parking violation under Section 40202, the processing agency shall serve or mail to the registered owner a notice of delinquent parking violation." (§ 40206.) It is this "Notice of Delinquent Parking Violation" which is the subject of the question. The person receiving such notice may request a photostatic copy of the original notice of parking violation. (§ 40206.5.)

The Notice of Delinquent Parking Violation contains the same information contained in the original notice of parking violation and the notice of penalty due. (§ 40207.) It also states that unless the registered owner pays the penalty due within ten days or appears to contest the proceedings "the renewal of the vehicle registration may be contingent upon compliance with the notice of delinquent parking violation or that a warrant for the arrest of the registered owner may be issued." (§ 40207.) Sections 20206.5, 40209, 40210, and 40215 provide procedures for the registered owner to contest the proceedings. If the registered owner does not appear in person or by mail the processing agency may (a) cancel the notice thus terminating the proceedings, (b) file an itemization of the amounts due with the Department of Motor Vehicles for collection with registration of the vehicle, or (c) "[f]ile a complaint with the court, together with supporting documents and other evidence, pursuant to Section 40230." (§ 40220.) Section 40223 provides that if the Department of Motor Vehicles (DMV) reports the amounts due as not collectible the processing agency may cancel the notice or file a complaint with the court pursuant to section 40230.

It is section 40230 which creates the confusion which prompted the request for this opinion. Subdivision (a) of section 40230 provides:

"When a processing agency files a complaint with the court pursuant to Section 40206.5, 40209, 40210, 40215, 40220, or 40223, a copy of the notice of delinquent parking violation issued for service under Section 40206 shall be filed with the court within 15 days, and if prepared in the form approved by the Judicial Council, shall be treated as a written notice to appear under Article 2 (commencing with Section 40500) of Chapter 2 for all further proceedings."

_____

[2]"If the driver of the vehicle is at or in the vehicle at the time the peace officer or other person authorized to enforce parking laws and regulations determines the vehicle is standing or parked in violation of the laws or regulations governing standing or parking of a vehicle, the driver may be arrested and prosecuted pursuant to Article 1 (commencing with Section 40300) of Chapter 2, and this article does not apply." (§ 40200(b).)

Chapter 2, division 17 of the Vehicle Code (commencing with § 40300) is entitled "Procedure on Arrests". Article 2 of that chapter (commencing with § 40500) is entitled "Release Upon Promise to Appear." The reference to article 2, chapter 2 concerning release from arrest on a promise to appear in section 40230 is confusing because parking violation procedures do not involve an arrest until after an arrest warrant has issued.[3] Without an arrest there can be no release upon a promise to appear.

The procedures established for parking violations are substantially different from those governing moving violations set forth in chapter 2, division 17 of the Vehicle Code. A brief review of the moving violation procedures will serve to point out the differences. When a peace officer cites a driver for a traffic violation a number of procedural steps are involved. The first thing that occurs following the stop is that the officer arrests the driver for the traffic violation.[4] The next step is that the officer prepares a written notice to appear in court (using a form prescribed by the Judicial Council) stating the driver's name and address, the offense charged and the time and place where the driver is to appear. (§ 40500.) The next step is prescribed by section 40504(a) as follows:

"The officer shall deliver one copy of the notice to appear to the arrested person and the arrested person in order to secure release must give his written promise to appear in court or before a person authorized to receive a deposit of bail by signing two copies of the notice which shall be retained by the officer. Thereupon the arresting officer shall forthwith release the person arrested from custody."

The written promise to appear is printed on the face of the printed notice to appear with a space for the person's signature and the arrested person gives his promise to appear by signing the same.

The officer then delivers a copy of the notice to appear (with its written promise to appear) to the court. (§ 40506.) Section 40513 provides:

"(a) Whenever written notice to appear has been prepared, delivered, and filed with the court, or whenever notice has been given pursuant to the provisions of Section 41102, an exact and legible duplicate copy of the notice when filed with the magistrate, in lieu of a verified complaint, shall constitute a complaint to which the defendant may plead 'guilty' or 'nolo contendere.'

---

[3]In County of Los Angeles v. City of Alhambra (1980) 27 Cal.3d 184 at page 194 the court observed: "Obviously no arrest precedes an infraction charge manifested only by a ticket left on an unattended vehicle."

[4]The arrest may not be vocalized. However, the stopping of the vehicle and the driver's submission to the officer's authority followed by the officer's actions in issuing the traffic citation legally constitute an arrest of the driver. (See Pen. Code, § 835; People v. Superior Court of Los Angeles County (1972) 7 Cal.3d 186, 200.)

"If, however, the defendant violates his promise to appear in court or does not deposit lawful bail, or pleads other than 'guilty' or 'nolo contendere' to the offense charged, a complaint shall be filed which shall conform to the provisions of Chapter 2 (commencing with Section 948) of Title 5, Part 2 of the Penal Code, and which shall be deemed to be an original complaint, and thereafter proceedings shall be had as provided by law, except that a defendant may, by an agreement in writing, subscribed by him and filed with the court, waive the filing of a verified complaint and elect that the prosecution may proceed upon a written notice to appear.

"(b) Notwithstanding the provisions of subdivision (a) of this section, whenever the written notice to appear has been prepared on a form approved by the Judicial Council, an exact and legible duplicate copy of the notice when filed with the magistrate shall constitute a complaint to which the defendant may enter a plea and, if the notice to appear is verified, upon which a warrant may be issued. If the notice to appear is not verified, the defendant may, at the time of arraignment, request that a verified complaint be filed."

Section 40508(a) provides:

"Any person willfully violating his written promise to appear or a lawfully granted continuance of his promise to appear in court or before a person authorized to receive a deposit of bail is guilty of a misdemeanor regardless of the disposition of the charge upon which he was originally arrested."

Returning to section 40230 in the new parking violation procedures it states that "[w]hen a processing agency files a complaint with the court . . ., a copy of the notice of delinquent parking violation . . . shall be filed with the court . . . and if prepared in the form approved by the Judicial Council, shall be treated as a written notice to appear under Article 2 (commencing with Section 40500) . . . ." We believe the complaint to be filed with the court under section 40230 is a verified complaint constituting the first pleading in the criminal proceeding. (See Pen. Code, § 949 et seq. and compare § 40513 quoted above.) In addition to the filing of the complaint section 40230 requires that a copy of the notice of delinquent parking violation also be filed with the court. Filing a copy of the notice would indicate to the court that the section 40206 requirements of notice to the registered owner have been met.

The significance of treating the copy of the notice of delinquent parking violation (if prepared in the form approved by the Judicial Council) as a written notice to appear under article 2 (commencing with § 40500) is not immediately apparent. The original notice of delinquent parking violation served on or mailed to the registered owner would have given him notice of the parking violation and that he was required to pay the parking penalty or otherwise appear to answer the charge. The only provision we find in article 2 (commencing with § 40500) which would appear applicable to a notice of delinquent parking violation treated as a written notice to appear is section 40513 (quoted above). Under a literal application of section 40513 the defendant could enter a plea

of guilty or nolo contendere to such notice in lieu of a verified complaint.[5]  Such an application would be redundant however,  because section 40230 contemplates the filing of a complaint before the notice of delinquent parking violation is filed with the court and any plea made would be to that complaint rather than to such notice.

We are asked if the notice of delinquent parking violation may serve as a notice to appear upon which a warrant of arrest may issue for violation of section 40508.  The answer is clearly no because with the parking violation procedures there is no promise to appear and without such a promise there can be no violation of section 40508.  A warrant of arrest could be issued for the parking violation if the registered owner does not appear.  However, the basis for such a warrant would be the complaint which section 40230 contemplates being filed with the court rather than the notice of delinquent parking violation which must then be filed with the court.

The question is also concerned with the ability of the processing agency[6] to make the verification necessary to support the issuance of a warrant of arrest.  It is the processing agency which files the complaint which initiates court action under the new parking violation procedures (§ 40230.)  The nature of such a complaint is governed by Penal Code section 948 et seq. (Compare § 40513, supra.)  The complaint is an accusatory pleading which initiates a criminal prosecution. (Pen. Code, § 949.)  The complaint must contain the title of the action, the name of the court to which it is presented, the names of the parties and a statement of the public offense or offenses charged therein. (Pen, Code, § 950.)  The complaint must also be "made and subscribed by some natural person and sworn to before some officer entitled to administer oaths." (Pen. Code, § 959, ¶ 3.)

Municipal and justice courts have jurisdiction in all criminal cases amounting to misdemeanor, where the offense charged was committed within the county.  (Pen. Code, § 1462.) The same is true with respect to offenses classified as infractions. (Pen. Code, § 19d.)  Parking violations are public offenses classified as infractions. (§ 40000.1.)  Thus the municipal or justice court of the judicial district in which the vehicle was unlawfully parked is the proper court in which to file a complaint charging a parking violation. (See Pen. Code, § 777.)

"When a complaint is presented to a judge of an inferior court of the commission of a public offense appearing to be triable in his court, he must, if satisfied therefrom that the offense complained of has been committed and that there is reasonable ground to believe that the defendant has committed it, issue a warrant, for the arrest of the defendant." (Pen. Code, § 1427 (a).)  The

---

[5]Such a notice to appear would not be the equivalent of a complaint, however.  (City of San Diego v. Municipal Court (1980) 102 Cal. App.3d 775, 778-779.)

[6]A county, city, district or other agency which enacts parking regulations may contract with another public agency or a private party termed the "processing agency" making it responsible "for the processing of the notices of parking violation and notices of delinquent parking violations" under the new parking violation procedures. (§§ 40200.5 & 40200.6.)

requirements that the complaint be made under oath (i.e. verified) and that the judge has reasonable grounds to issue the warrant are to satisfy constitutional requirements that no warrant shall issue except on probable cause supported by oath or affirmation. (Amend. IV of the U.S. Const.; art. 1, § 13 of the Cal. Const.)

While the complaint must be verified there is no requirement that the verification must be done by a particular officer or person. Penal Code section 959, paragraph 3 (supra) simply requires that it be "made and subscribed by some natural person and sworn to before some officer entitled to administer oaths." Of course the person making such a verification must have sufficient knowledge about the offense to be able to be able to swear to the truth of the statements made in the complaint. This does not mean that the person must be a witness to the offense, however. The complainant's knowledge may be based on "information and belief" as well as his own perceptions. (See Pen. code, § 740.) This means that the complainant is informed of the facts stated by another (hearsay) and that he believes such information is true.

"A complaint based on 'information and belief' and couched in the statutory language of the alleged offense may support a valid arrest warrant if the complaint alleges sufficient facts for the magistrate to conclude that probable cause supports the warrant in that the allegations indicate (1) the commission of the crime by the person whose arrest is sought, and (2) the reliability of the information and credibility of its source." (People v. Sesslin (1968) 68 Cal.2d 418, 425-426.)

Next we apply these complaint and warrant requirements to the new parking violation procedures. When an employee of the processing agency places a Notice of Parking Violation on the vehicle that notice records that employee's personal observations that the vehicle described therein (including its license number) was parked at a stated time and place in violation of a stated ordinance or other law. Before issuing a Notice of Delinquent Parking Violation the processing agency must contact the DMV to obtain a report indicating the name and address of the registered owner of the vehicle described in the Notice of Parking Violation. A member of the processing agency having seen a copy of the Notice of Parking Violation and the report from DMV could then state in a complaint under oath that he was informed by such notice of the facts stated therein and by the report from DMV that the defendant is the registered owner of the vehicle described in such notice and that he believed such information. A magistrate could then rely upon such sworn statements in the complaint and the presumption set forth in section 41102(a)[7] that the registered

---

[7]Section 41102 (a) provides in part:

"(a) In any prosecution against the registered owner of a motor vehicle charging a violation of any regulation governing the standing or parking of a vehicle under this code, any federal statute or regulation, or any ordinance enacted by local authorities, proof that the particular vehicle described in the complaint was parked in violation of any provision of this code, any federal statute or regulation, or that ordinance, together with proof that the defendant named in the notice of delinquent parking violation issued under Section 40206 or

owner was the person who parked the vehicle to support his finding of probable cause that the defendant committed the parking violation charged in the complaint. Such complaint would then support the issuance of a warrant of arrest for the defendant on such charge.

Since section 40230 is predicated on the filing of a complaint with the court any warrant of arrest issued by the court would no doubt be based on the complaint. Any use of the Notice of Delinquent Parking Violation to support a warrant of arrest would appear to be redundant. Nevertheless, if a court were to treat the Notice of Delinquent Parking Violation as a Notice to Appear (if prepared on a form approved by the Judicial Council and verified) upon which a warrant may be issued as provided in section 40513 such notice must meet all of the requirements for a sworn complaint as set forth above to support the issuance of a warrant of arrest.

\* \* \* \* \*

---

the complaint was at the time of parking the registered owner of the vehicle, is prima facie evidence that the registered owner of the vehicle was the person who parked or placed, or caused to be parked or placed, the vehicle at the point where, and for the time during which, the violation occurred, but, for purposes of this subdivision, proof that a person is the registered owner of a vehicle is not prima facie evidence that the registered owner has violated any other provision of law. . . ."

NEXTRECORD .                                                   86-1007