Filed 3/12/14

**CERTIFIED FOR PUBLICATION**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| LA TWON REGINAL WEAVER,<br><br>　　　Petitioner,<br><br>　　　v.<br><br>THE SUPERIOR COURT OF SAN DIEGO COUNTY,<br><br>　　　Respondent;<br><br>THE DISTRICT ATTORNEY'S OFFICE OF SAN DIEGO COUNTY et al.,<br><br>　　　Real Parties in Interest. | D063768<br><br>(San Diego County<br>Super. Ct. No. 37–2013–00032402<br>　　　　　　　　　　–CU–WM–CTL) |

PROCEEDINGS in mandate after the superior court denied a request for public records, Richard E. L. Strauss, Judge. Petition granted.

James S. Thomson, Elisabeth Semel, Ty Alper, for the Petitioner.

Thomas E. Montgomery, County Counsel, Deborah A. McCarthy, Assistant County Counsel, Claudia Anzures, C. Ellen Pilsecker, George W. Brewster, Jr., Chief

Deputy Attorneys, William Allen Johnson, Jr., Senior Deputy Attorney for Real Parties in Interest.

BACKGROUND

In this writ proceeding, petitioner La Twon Reginal Weaver, who is a prisoner sentenced to death, seeks various records from the District Attorney's Office of San Diego County (District Attorney) under the California Public Records Act (CPRA; Gov. Code,[1] § 6250 et seq.) to assist in investigating whether the District Attorney impermissibly sought the death penalty based on the race of the defendant, the victim, or both.

In January 2013, as relevant here, Weaver requested the District Attorney provide him with (1) copies of all charging documents in homicide cases filed by the District Attorney between January 1977 and May 1993 and (2) all court filings in superior court cases *People v. Troiani, et al.* (Super. Ct. S.D. County, No. CRN9925) and *People v. Moffett* (Super. Ct. S.D. County, No. CR103094) addressing allegations the District Attorney selectively prosecuted capital cases.

The District Attorney denied Weaver's requests on grounds that under the CPRA, the documents sought were exempt as investigatory files (§ 6254, subd. (f)); and prohibited from disclosure under a different state or federal law (§ 6254, subd. (k)). The District Attorney further argued the documents sought implicate the privacy rights of "hundreds of defendants and victims under article I, sections 1 and 28, of the California

---

[1] All statutory references are to the Government Code unless otherwise stated.

2

[C]onstitution."  The District Attorney also objected that Weaver's request for the list of homicide cases was overly burdensome because "programming and extraction of the data necessary to identify the records would require approximately 35-40 hours of time at a cost of $85 per hour for a total of approximately $3,400."  The District Attorney noted Weaver's request was duplicative of one he had made in postconviction discovery under Penal Code section 1054.9.[2]

Weaver filed a writ petition in superior court seeking to compel the District Attorney to produce the documents.  The superior court denied the petition, adopting the District Attorney's position set forth above, except that the court did not rule on the issue of the request's burdensomeness.

We issued an order to show cause.  The District Attorney filed an unverified return, to which Weaver replied.

DISCUSSION

In response to our request for supplemental briefing, and also at oral argument, the District Attorney acknowledged that the documents Weaver seeks are the District Attorney's file copies of "court documents" whose originals were filed in the superior court.  (*The Copley Press, Inc. v. Superior Court* (1992) 6 Cal.App.4th 106 [defining

---

[2]     We deny the District Attorney's request for judicial notice of Weaver's discovery request filed in his postconviction motion because that document is immaterial to our disposition of this case.  Under the CPRA, there are "no limitations on access to a public record based upon the purpose for which the record is being requested, if the record is otherwise subject to disclosure."  (§ 6257.5.)  Generally, "unless exempted, all public records may be examined by any member of the public, often the press, but conceivably any person with no greater interest than idle curiosity."  (*Marylander v. Superior Court* (2000) 81 Cal.App.4th 1119, 1125.)

"court documents" to include "the various documents filed in or received by the court, such as pleadings and motions filed by the parties and the evidence admitted in court proceedings. All of these documents represent and reflect the official work of the court, in which the public and press have a justifiable interest."].) The issue we decide is whether the District Attorney's copies of judicial documents—which must be made available to the public upon request at the superior court—are entitled to exemption from disclosure as investigatory documents under the CPRA or because they implicate privacy rights. We conclude the documents sought are not exempt from disclosure. As the California Supreme Court has stated: "We consider it unlikely the Legislature intended to render documents confidential based on their location." (*Commission on Peace Officer Standards & Training v. Superior Court* (2007) 42 Cal.4th 278, 291 [quoting *Williams v. Superior Court* (1993) 5 Cal.4th 337, 355 for the proposition that "the law does not provide . . . that a public agency may shield a record from public disclosure, regardless of its nature, simply by placing it in a file labeled 'investigatory' "].) The same principle applies here. "[T]he content of the document at issue, not the location in which it is stored, [is] determinative." (*Commission on Peace Officer Standards & Training v. Superior Court,* at p. 291.)

In enacting the CPRA, the Legislature sought to provide the public broad access to documents regarding how government agencies carry out their responsibilities. "Endorsing the proposition 'that access to information concerning the conduct of the people's business is a fundamental and necessary right of every person in this state'

4

(§ 6250), the Legislature enacted the [CPRA] 'for the purpose of increasing freedom of information by giving members of the public access to information in the possession of public agencies.' [Citation.] Legislative policy favors disclosure. [Citation.] 'All public records are subject to disclosure unless the [CPRA] expressly provides otherwise.' " (*American Civil Liberties Union of Northern Cal. v. Superior Court* (2011) 202 Cal.App.4th 55, 67.) "Since disclosure is favored, all exemptions are narrowly construed. [Citation.] The agency opposing disclosure bears the burden of proving that an exemption applies." (*County of Santa Clara v. Superior Court* (2009) 170 Cal.App.4th 1301, 1321.)

As a matter of due process, the District Attorney is required to file a complaint in each criminal case to invoke the court's jurisdiction. (*City of San Diego v. Municipal Court* (1980) 102 Cal.App.3d 775, 778; Pen. Code, §§ 737 ["All felonies shall be prosecuted by indictment or information, except as provided in [Penal Code] Section 859a."]; 738 ["The proceeding for a preliminary examination must be commenced by written complaint"]; 949 ["The first pleading on the part of the people in the superior court in a felony case is the indictment, information, or the complaint in any case certified to the superior court under [Penal Code] Section 859a. The first pleading on the part of the people in a misdemeanor or infraction case is the complaint except as otherwise provided by law."].) Because they were publicly filed, the charging documents Weaver seeks are not investigatory files exempt from disclosure under the CPRA. Similarly, the documents he seeks from the *Troiani* and *Moffett* case files were publicly filed in superior court, and involve motions for disclosure of information regarding

5

claims of selective prosecution. As such, they are not investigatory files exempt from disclosure under section 6254, subdivision (f).

Again, in light of the fact the documents were publicly filed, we reject the District Attorney's arguments based on the California Constitution's right to privacy. "[A] plaintiff alleging an invasion of privacy in violation of the state constitutional right to privacy must establish each of the following: (1) a legally protected privacy interest; (2) a reasonable expectation of privacy in the circumstances; and (3) conduct by defendant constituting a serious invasion of privacy." (*Hill v. National Collegiate Athletic Assn.* (1994) 7 Cal.4th 1, 39-40; *International Federation of Professional & Technical Engineers, Local 21 AFL-CIO v. Superior Court* (2007) 42 Cal.4th 319, 338.) Disclosure of the documents Weaver seeks would not violate the privacy rights of either the defendants or victims in homicide cases. There is no reasonable expectation of privacy in documents required to be filed in court when those documents are not filed under seal.

The District Attorney also claims the documents sought are exempt under section 6254, subdivision (k), which relates to "[r]ecords, the disclosure of which is exempted or prohibited pursuant to federal or state law." The District Attorney claims that disclosing the documents would violate Penal Code section 13302, which forbids an employee of the local criminal justice agency from knowingly furnishing a record or information obtained from a record to a person who is not authorized by law to receive that information. But Penal Code section 13302 has recently been modified (Stats. 2012, ch. 84, § 1) and now states: "Nothing in this section shall prohibit a public prosecutor from accessing and obtaining information from the public prosecutor's case management

6

database to respond to a request for publicly disclosable information pursuant to the California Public Records Act." Therefore, the District Attorney's argument is unavailing.

The District Attorney also objects that Weaver's request is burdensome under section 6255, subdivision (a), which states, "The agency shall justify withholding any record by demonstrating that the record in question is exempt under express provisions of this chapter or that on the facts of the particular case the public interest served by not disclosing the record clearly outweighs the public interest served by disclosure of the record." As stated, the superior court did not rule on this objection.

The only evidence the District Attorney presented regarding the purported burdensomeness of Weaver's request was its estimate that for it to generate a list of homicide cases filed in San Diego County between 1977 and 1993, one of its employees would have to work a 40-hour week at a cost of approximately $3,400. Our review of the District Attorney's objection to the request as burdensome is by necessity limited to this evidence. (*Campbell v. Superior Court* (2008) 159 Cal.App.4th 635, 647.)

We conclude the public's interest in the fair administration of the death penalty is a longstanding concern in California, and it is inconceivable to us that any countervailing interest that the District Attorney could assert outweighs the magnitude of the public's interest. (Accord, *American Civil Liberties Union of Northern California v. Superior Court* (2011) 202 Cal.App.4th 55, 71 ["We agree that '[f]ew issues in American society have generated as much impassioned debate as the death penalty. At one end of the spectrum, abolitionists condemn the intentional taking of human life by the State as

7

barbaric and profoundly immoral. At the other, proponents see death, even a painful death, as the only just punishment for crimes that inflict unimaginable suffering on victims and their surviving loved ones. Even among those with less absolute positions, there are vigorous arguments about the social, penological, and economic costs and benefits of capital punishment.' "].)

Moreover, we agree that: "Beyond the state of the evidence in this particular record, there are other reasons to accord little weight to the financial concerns. As has been said, 'There is nothing in the [CPRA] to suggest that a records request must impose *no* burden to the government agency.' [Citations.] Thus, for example, the $43,000 cost of compiling an accurate list of names was not a 'valid reason to proscribe disclosure of the identity of such individuals.' " (*County of Santa Clara v. Superior Court* (2009) 170 Cal.App.4th 1301, 1327, quoting *CBS Broadcasting, Inc. v. Superior Court* (2001) 91 Cal.App.4th 892, 909].) The approximately $3,400 expense of generating the list of cases at issue here is substantially less of a reason and pales in comparison to the interests of Weaver and the public in disclosure.

## DISPOSITION

Let a writ issue directing the superior court to vacate the order dated March 26, 2013, and enter an order granting La Twon Weaver's petition.  Costs to La Twon Weaver.  (Cal. Rules of Court, rule 8.493 (a)(1)(A).)  The opinion will be final as to this court 15 days after filing.  (Cal. Rules of Court, rule 8.490 (b)(2)(A).)

O'ROURKE, J.

WE CONCUR:

McINTYRE, Acting P. J.

IRION, J.