[Civ. No. 22512.   First Dist., Div. Two.   Sept. 15, 1965.]

GEORGE M. ANGER, Plaintiff and Appellant. v. THE MUNICIPAL COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Defendant and Respondent; THE PEOPLE, Real Party in Interest and Respondent.

Beryl B. Stolper and David E. Ehmann for Plaintiff and Appellant.

Thomas C. Lynch, Attorney General, Albert W. Harris, Jr., and Paul N. Halvonik, Deputy Attorneys General, for Defendant and Respondent and Real Party in Interest and Respondent.

SHOEMAKER, P. J.—Plaintiff George Anger appeals from an order denying him a writ of mandate compelling the dismissal of a criminal complaint.

On August 28, 1963, plaintiff struck a pedestrian while operating a motor vehicle within the City and County of San Francisco. Plaintiff was issued a traffic citation at the scene of the accident for a violation of Vehicle Code, section 21950 (failure to yield the right of way).

On September 3, 1963, the pedestrian having died as a result of the accident, a complaint charging plaintiff with manslaughter, in violation of Penal Code, section 192, subdivision 3(b), was filed in municipal court.

On September 6, 1963, plaintiff appeared and pleaded not guilty to the manslaughter charge.

On September 18, 1963, plaintiff appeared through his attorney in response to the traffic citation of August 28, 1963, and pleaded not guilty. On the following day, the matter was set for jury trial on September 30, 1963. On that day, the charge was dismissed on the motion of the prosecutor. No complaint charging plaintiff with a violation of Vehicle Code, section 21950, had ever been filed and plaintiff had not waived the filing of such complaint.

Following the dismissal of the above-mentioned charge, plaintiff filed in the manslaughter proceeding a motion to dismiss said action on the ground of double jeopardy. It was plaintiff's contention that the unlawful act which furnished the basis for the manslaughter complaint was the same unlawful act charged in the traffic citation; that plaintiff was placed in jeopardy upon the issuance of that citation and that the subsequent dismissal of said charge barred his prosecution for manslaughter.

On February 14, 1964, the municipal court denied plaintiff's motion to dismiss.

On March 25, 1964, plaintiff filed in the superior court a petition for a writ of mandate compelling defendant municipal court to dismiss the manslaughter charge and exonerate plaintiff's bail.

On August 5, 1964, after hearing, the court denied the writ prayed for on the grounds that the municipal court never had jurisdiction over plaintiff with respect to the alleged violation of Vehicle Code, section 21950, and that plaintiff had never been in jeopardy with respect to the alleged violation of Penal Code, section 192, subdivision 3 (b).

Appellant's claim of double jeopardy is based upon Penal Code, sections 1385 and 1387. The former section authorizes the court to dismiss an action, on its own motion or upon the application of the prosecutor, in the furtherance of justice. The latter section provides that ''An order for the dismissal of the action, made as provided in this chapter, is a bar to any other prosecution for the same offense if it is a misdemeanor, but not if it is a felony.'' Appellant contends that the dismissal of the charge of violating Vehicle Code, section 21950, must be deemed to have been made pursuant to Penal Code, section 1385, and that his prosecution for misdemeanor manslaughter, being based upon the same unlawful act, is accordingly barred by such dismissal, pursuant to Penal Code, section 1387.

Respondent, on the other hand, asserts that an action cannot be deemed to have been ''dismissed,'' within the meaning of Penal Code, sections 1385 and 1387, unless the court entering such dismissal has first acquired jurisdiction over the action. Respondent relies upon the trial court's finding that the municipal court never acquired jurisdiction over the charge of violating Vehicle Code, section 21950, and asserts that appellant was never placed in jeopardy on that charge and that the court's purported dismissal of same was a nullity. With this assertion we agree.

It is elementary that legal jeopardy does not arise where the court has no jurisdiction. (*People* v. *Hamberg* (1890) 84 Cal. 468, 472 [24 P. 298] ; *People* v. *Zadro* (1937) 20 Cal.App.2d 320, 323-324 [66 P.2d 1204].) The record shows that the municipal court never acquired jurisdiction over the charge of violating Vehicle Code, section 21950.

Appellant pleaded not guilty to the offense charged in the

traffic citation; no formal complaint was ever filed in the municipal court alleging such violation, and he did not waive the filing of such complaint. Appellant contends, however, that the court acquired jurisdiction over the matter upon the issuance of the traffic citation and notice to appear and that the filing of a formal complaint was unnecessary. This argument has repeatedly been rejected by the courts of this state.

Vehicle Code, section 40500, provides that whenever a person is arrested for any violation of the Vehicle Code not declared to be a felony and is not immediately taken before a magistrate, the arresting officer shall prepare in triplicate a written notice to appear in court. Vehicle Code, section 40504, requires that the officer deliver one copy of this notice to the arrested person, who may secure his release by giving his written promise to appear in court. Vehicle Code, section 40506, requires that the officer file the other two copies of the notice with the magistrate and with the officer's superior officer.

Vehicle Code, section 40513, provides in relevant part that "Whenever written notice to appear has been prepared, delivered, and filed with the court . . . an exact and legible duplicate copy of the notice when filed with the magistrate, in lieu of a verified complaint, shall constitute a complaint *to which the defendant may plead 'Guilty.'*

"If, however, the defendant violates his promise to appear in court or does not deposit lawful bail, *or pleads other than 'Guilty' of the offense charged,* a complaint shall be filed . . . which shall be deemed to be an original complaint, and thereafter proceedings shall be had as provided by law, except that a defendant may, by an agreement in writing, subscribed by him and filed with the court, waive the filing of a verified complaint and elect that the prosecution may proceed upon a written notice to appear." (Italics added.)[1]

In *Ralph* v. *Police Court* (1948) 84 Cal.App.2d 257 [190 P.2d 632], and *Rupley* v. *Johnson* (1953) 120 Cal.App.2d 548, 551-552 [261 P.2d 318], it was held that a defendant cited for and charged with violating a Vehicle Code section, who pleads not guilty thereto and does not waive the filing of a complaint, is not brought within the jurisdiction of the court until a verified complaint charging him with the offense in question has been filed. (To the same effect, see dictum in

---

[1]This section was amended during the 1965 legislative session. The amendment becomes effective September 17, 1965.

*People* v. *Agnew* (1952) 110 Cal.App.2d Supp. 837, 840 [242 P.2d 410].) The decisions in the above-cited cases were based upon the provisions of former Vehicle Code, section 739.1, which are now contained without material change in Vehicle Code, section 40513. Said decisions are accordingly controlling of the construction to be accorded the latter section. (*Gavin* v. *Municipal Court* (1960) 184 Cal.App.2d 712, 714 [7 Cal.Rptr. 732].)

Since the law is settled that appellant was never placed in legal jeopardy on the charge of violating Vehicle Code, section 21950, he was not entitled to compel a dismissal of the manslaughter action pursuant to Penal Code, section 1387. As a consequence, we need not determine whether the offense charged in the manslaughter complaint was identical to that charged in the traffic citation.

The order denying appellant a writ of mandate is affirmed.

Agee, J., and Taylor, J., concurred.