[Civ. No. 23597. Third Dist. Jan. 11, 1985.]

CRAIG ALAN HELDT, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE PLACER COUNTY
JUDICIAL DISTRICT OF PLACER COUNTY,
Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Respondent.

**COUNSEL**

Jerome S. Stanley and Michael Borkowski for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

John K. Van de Kamp, Attorney General, Nancy Sweet and David Rhodes, Deputy Attorneys General, for Real Party in Interest and Respondent.

## OPINION

**CARR, J.**—Plaintiff Craig Alan Heldt (hereafter petitioner) purports to appeal from a judgment denying his petition for writ of mandate directing Placer County Municipal Court to dismiss a misdemeanor action for failure to file a formal complaint within one year after commission of the offense (Pen. Code, § 801, subd. (a)). Petitioner contends a notice to appear, prepared on a form approved by the Judicial Council and filed with the court in accordance with Penal Code section 853.6, cannot serve in lieu of a formal complaint for purposes of tolling the statute of limitations and conferring jurisdiction on the court to proceed to trial. ■ ■ ■ ■ We disagree and shall affirm.[1]

### FACTS

On March 7, 1982, petitioner was arrested for speeding (Veh. Code, § 22350) and driving while intoxicated (Veh. Code, § 23152). The arresting officer issued a verified notice to appear on a form approved by the Judicial Council, directing petitioner to appear in the municipal court on March 22, 1982.[2]

The record does not contain a complete account of the events of the succeeding several months. However, the People concur in the rendition of facts contained in the petition for writ of mandate, wherein petitioner asserts that on March 19, 1982, he appeared and pled not guilty to the charge of driving while intoxicated. On or about August 20, 1982, he withdrew this plea and pled guilty. On or about December 27, 1982, petitioner was al-

---

[1]A judgment denying a petition for writ of mandate directed to a municipal court as to a matter pending in that court is not appealable. (Code Civ. Proc., § 904.1, subd. (a).) However, an appellate court may, in its discretion, review such a judgment upon petition for an extraordinary writ. (*Ibid.*) At oral argument, counsel for petitioner asked this court to exercise its discretion to treat this appeal as a petition for an extraordinary writ. We do so because this case "involves a question of public importance appropriate for resolution." (*Estate of Hearst* (1977) 67 Cal.App.3d 777, 781 [136 Cal.Rptr. 821].) Moreover, the question of the propriety of the lower court's action has been fully briefed and argued and no protest to the appeal has been made by respondent. (See *Estate of Hoertkorn* (1979) 88 Cal.App.3d 461, 463, fn. 1 [151 Cal.Rptr. 806].)

[2]The underlying action is People v. Heldt (Mun. Ct. Placer Co., No. 60617).

lowed to withdraw his guilty plea and he reentered a plea of not guilty, and the matter was set for pretrial conference.

At this point, the record resumes. On July 11, 1983, the People moved the municipal court for leave to file an amended complaint (Pen. Code, § 1009),[3] declaring the original (filed with the municipal court on Mar. 17, 1982) was filed by citation only and did not designate the specific sections charged. The proposed amended misdemeanor complaint charged petitioner with one count each of violating subdivisions (a) and (b) of Vehicle Code section 23152, as well as a prior conviction for violating former Vehicle Code section 23101 (now § 23153, injuring another while driving under the influence of alcohol or drug). ██ Petitioner opposed the motion, contending the court lacked jurisdiction because the People did not file a written and verified complaint within one year after the alleged offense, as required by sections 740 and 801, subdivision (a), but filed only a "Notice to Appear."[4] The municipal court granted the motion to amend.

On November 21, 1983, petitioner filed the petition at issue in the present action, praying the superior court to issue a writ of mandate directing the municipal court to dismiss the criminal action for lack of jurisdiction. The court denied the petition.

## DISCUSSION

Petitioner's sole contention is that a misdemeanor notice to appear filed with the municipal court in accordance with section 853.6 may not serve in lieu of a formal complaint under section 740 for purposes of proceeding to trial and tolling the limitation period of section 801, subdivision (a).

Section 853.6 governs the filing of misdemeanor complaints and notices to appear (citations) where the arrestee is immediately released. Section 853.6, subdivision (a), provides that whenever a person is arrested for a misdemeanor and does not demand to be taken before a magistrate, the person may be immediately released upon issuance by the arresting officer of "a written notice to appear in court, containing the name and address of the person, the offense charged, and the time and place where and when the

---

[3]Unless otherwise indicated, all statutory references are to the Penal Code.

[4]Section 740 provides: "Except as otherwise provided by law, all public offenses triable in the inferior courts must be prosecuted by written complaint under oath subscribed by the complainant. Such complaint may be verified on information and belief."

Section 801, subdivision (a), provides "an indictment for any misdemeanor shall be found or an information or complaint filed within one year after its commission." The filing of a complaint is essential to invoke the jurisdiction of the court. (*City of San Diego* v. *Municipal Court* (1980) 102 Cal.App.3d 775, 778 [162 Cal.Rptr. 420].)

person shall appear in court." The officer must deliver one copy of the notice to the arrested person, and before being released the arrested person must give his or her written promise to appear in court by signing a duplicate notice retained by the officer. (§ 853.6, subd. (d).) Except in the case of an infraction, or where the prosecutor directs the officer to file the duplicate notice with the magistrate, the officer must file the duplicate notice with the prosecutor. (§ 853.6, subd. (e)(3).)

After the notice is so filed, "the prosecuting attorney, . . . within his or her discretion, may *initiate prosecution* by filing the notice *or* a formal complaint with the magistrate specified therein within 25 days from the time of arrest." (§ 853.6, subd. (e)(3); italics added.) Failure to file the notice or formal complaint within 25 days after the arrest "shall bar further prosecution of the misdemeanor charged in the offense." (§ 853.6, subd. (e)(3).)[5]

Section 853.9 provides for the use of the notice to appear in lieu of a formal complaint under specified circumstances. Subdivision (a) states: "Whenever written notice to appear has been prepared, delivered, and filed by an officer or the prosecuting attorney with the court pursuant to the provisions of Section 853.6 of this code, an exact and legible duplicate copy of the notice when filed with the magistrate, in lieu of a verified complaint, shall constitute a complaint to which the defendant may plead 'guilty' or 'nolo contendere.'" However, if defendant "pleads other than 'guilty' or 'nolo contendere' to the offense charged, a complaint shall be filed which shall conform to the provisions of this code and which shall be deemed to be an original complaint; and thereafter proceedings shall be had as provided by law, except that a defendant may, by an agreement in writing, . . . waive the filing of a verified complaint and elect that the prosecution may proceed upon a written notice to appear." (§ 853.9, subd. (a).)

Subdivision (b) provides: "*Notwithstanding the provisions of subdivision (a) of this section,* whenever the written notice to appear has been prepared on a form approved by the Judicial Council, an exact and legible duplicate copy of the notice when filed with the magistrate *shall constitute a complaint to which the defendant may enter a plea* and, if the notice to appear is verified, upon which a warrant may be issued. If the notice to appear is not verified, the defendant may, at the time of arraignment, request that a verified complaint be filed." (Italics added.)

---

[5]This is the version of the statute applicable to petitioner's offense. The statute was amended in 1982 to provide that failure to file within 25 days would not bar further prosecution, but further prosecution must be preceded by a new and separate citation. (Stats. 1982, ch. 1103, § 2, p. 4004.)

■ At issue is the meaning of section 853.9. Petitioner contends a written notice to appear on an approved form, when filed in lieu of a formal complaint, may not serve as a complaint "for all purposes" as to confer jurisdiction on the court to proceed to trial and toll the statute of limitations, but may be used only for the limited purpose of taking a plea and issuing a warrant thereon. Petitioner further asserts that in *all* cases where the accused pleads not guilty the prosecutor must file a formal verified complaint before proceeding further. We disagree.

Initially we observe that the applicable statute of limitation is not the one year of section 801, subdivision (a), but the 25-day limitation of section 853.6, subdivision (e). Failure to file a complaint or notice to appear within 25 days after arrest is a bar to further prosecution of the offense originally cited in the notice. ■ ■ ■■■ The one-year limitation applies only to misdemeanor offenses not originally cited in the notice. (*Wallace* v. *Municipal Court* (1983) 140 Cal.App.3d 100, 109-110 [189 Cal.Rptr. 886].)[6]

■ Petitioner's interpretation of section 853.9 can be accepted only by ignoring the plain language of the section and by isolating it from sections 740 and 853.6. Section 740 is not ironclad; it requires public offenses in inferior courts to be prosecuted by formal written complaints "[e]xcept as otherwise provided by law." (Italics added.) Sections 853.6 and 853.9 constitute such exception. Section 853.6, subdivision (e)(3), permits the prosecuting attorney to "initiate prosecution by filing the notice *or* a formal complaint. . . ." (Italics added.) Section 853.9 defines those circumstances under which a notice to appear may be used in lieu of a formal complaint in prosecuting an action.

Petitioner's contention that subdivision (b) of section 853.9 simply provides for a notice to which an accused may enter any plea, including not

---

[6]At oral argument petitioner raised for the first time the question whether the notice to appear was timely filed. Neither in municipal court nor superior court did petitioner question the form or processing of the notice; his sole contention throughout has been that the notice may not serve in lieu of a formal complaint. The only indication in the appellate record is a declaration by the prosecutor accompanying the motion to amend the complaint stating the notice was filed on March 17, 1982, within the 25-day period. Petitioner may not raise this issue for the first time on appeal where no evidence was presented that the notice was not timely filed. Failure to raise a point below will not constitute waiver where the theory presented on appeal involves only a legal question determinable from uncontroverted facts. (*Redevelopment Agency* v. *City of Berkeley* (1978) 80 Cal.App.3d 158 [143 Cal.Rptr. 633].) Here, however, the filing of the notice is a controverted factual issue and the only evidence in the record before us indicates it was timely filed.

guilty, is incorrect. Nothing in subdivision (a) precludes an accused from entering a plea of not guilty to a notice on a nonapproved form. It simply provides that if the accused does plead not guilty to such a form, the prosecutor must file a formal complaint before proceeding further, unless a complaint is waived. Subdivision (b) is an exception; it applies "[n]otwithstanding the provisions of subdivision (a) . . . ." It allows the prosecutor to use a notice to appear on an approved form in lieu of a formal complaint even when the accused pleads not guilty. Petitioner's interpretation of section 853.9 would render subdivision (b) a nullity, for if the prosecutor must file a formal complaint even when an accused pleads not guilty to a notice on an approved form, subdivision (b) adds nothing to subdivision (a).

Petitioner's interpretation also would render the last sentence of subdivision (b) meaningless. It provides: "If the notice to appear is not verified, the defendant may, at the time of arraignment, request that a verified complaint be filed." If, as petitioner contends, the prosecutor must file a formal verified complaint *whenever* an accused pleads not guilty, there is no need to provide the accused an opportunity to *request* such a complaint.[7] The last sentence of subdivision (b) only reinforces our conclusion that it is an exception to subdivision (a). Under subdivision (a) the prosecutor is relieved from filing a formal complaint against an accused who pleads not guilty only if the accused expressly waives a formal complaint. Under subdivision (b), however, the accused is entitled to a verified formal complaint only upon request.

Petitioner relies primarily on *City of San Diego* v. *Municipal Court* (1980) 102 Cal.App.3d 775 [162 Cal.Rptr. 420]. *San Diego* involved a Vehicle Code provision virtually identical in its language to section 853.9 (Veh. Code, § 40513), and in which the municipal court informed agencies responsible for enforcing parking violations that it would no longer process notices of parking violations prior to filing a verified complaint with the court. Previously, the court had processed parking violations upon filing only the notice of violation. In upholding the municipal court's change of practice, the Court of Appeal concluded the notice of parking violation is not the equivalent of a complaint for the purpose of invoking the jurisdiction

---

[7]The provision for requesting a formal complaint also belies petitioner's contention that our interpretation of subdivision (b) would compel defendants to "give up" the protection of a formal complaint. Nor does subdivision (b) "swallow" subdivision (a), for subdivision (b) applies only to notices on approved forms.

of the court. (At pp. 778-779.) The court quoted Vehicle Code section 40513, subdivision (a), which is virtually identical to the language of section 853.9, subdivision (a). Interpreting this subdivision, it stated, "This does not mean any notice is the equivalent of a complaint; rather, it is a notice to which a plea of guilty (or nolo contendere) may be entered after it is filed with the magistrate, and until then it is simply a notice that a sum is due for the offense and may be paid to avoid further proceedings [citation]." (At p. 779.)

*San Diego* is no solace to petitioner for three reasons. First, section 40513 includes a subdivision (b) which is identical to subdivision (b) of section 853.9. Yet the court in *San Diego* makes no reference to subdivision (b) and does not purport to interpret its meaning. There is no indication in *San Diego* that the notice of violation was on a form approved by the Judicial Council and thus subject to subdivision (b). In the case at bar, there is no dispute the notice to appear was on an approved form. Second, *San Diego* did not address that aspect of section 853.6 which provides for the initiation of prosecution by filing a notice *or* a formal complaint. Third, the *San Diego* court purported only to interpret the effect of a notice of violation *standing alone,* noting that "until" a plea is entered the notice does not constitute a complaint. (At p. 779.) *San Diego* is neither factually nor legally similar to the present case.

Petitioner further relies on *San Diego* and *Anger* v. *Municipal Court* (1965) 237 Cal.App.2d 69 [46 Cal.Rptr. 577], as support for his contention the court has no jurisdiction to try an offense without a complaint or its waiver. We agree with this; we merely conclude that sections 853.6 and 853.9 provide for circumstances, as in this case, where the notice to appear may be used *in lieu of* a formal complaint to invoke the jurisdiction of the court in a misdemeanor prosecution. Moreover, to the extent petitioner relies on *Anger* to support his interpretation of section 853.9, subdivision (b), his reliance is misplaced. *Anger,* like *San Diego,* dealt with Vehicle Code section 40513 and when *Anger* was decided, subdivision (b) of section 40513 had not taken effect. (*Anger, supra,* 237 Cal.App.2d at p. 72, fn. 1; Stats. 1965, ch. 1190.)[8]

We conclude the notice to appear in this case, to which petitioner pled not guilty, properly served as a complaint to initiate the prosecution and confer jurisdiction on the court to proceed to trial on the offense charged.

---

[8]Subdivision (b) of section 853.9 was not enacted until 1967. (Stats. 1967, ch. 816, § 4, p. 2241.)

Treating the purported appeal as a petition for writ of prohibition pursuant to Code of Civil Procedure section 904.1, subdivision (a), we deny the writ. Each party shall bear his own costs.

Puglia, P. J., and Sparks, J., concurred.