Opinion
LINK, P. J.
In this case, a case where the facts border on the ridiculous, we address the recurring legal issue of whether the trial court had jurisdiction to proceed where, despite appellant’s request, no verified complaint was filed pursuant to Vehicle Code section 40513, subdivision (a).
*Supp. 3 I. Facts
On January 2, 1994, appellant was arrested for failing to wear a safety helmet while operating a motorcycle (Veh. Code, § 27803, subd. (b)). The arresting office issued a verified notice to appear, on a form approved by the Judicial Council, directing appellant to appear in the municipal court.
Appellant filed a request for a verified complaint and accusatory pleading. Appellant refused to enter a plea to the notice to appear.
Appellant demurred to the complaint, and after hearing, the court overruled the demurrer. Appellant’s motions to recuse the deputy city attorney and to dismiss were denied by the court. The court docket reflects that a plea of not guilty was entered, and appellant was ordered to appear for trial.
On the date set for trial, appellant appeared and once again made a formal request for a verified complaint and accusatory pleading. The request was denied. Appellant made a motion to dismiss. That motion was denied. Trial commenced.
At trial, Officer Lawford testified that he observed appellant operating a motorcycle. He stated that appellant was wearing a woolen ski cap and a pair of sunglasses.
Appellant testified on his own behalf. He testified that he had not entered a plea and that the court did not enter a plea on his behalf. He also testified that the woolen hat and sunglasses qualified as a helmet that complied with law.
Appellant was found guilty of violating Vehicle Code section 27803, subdivision (b). We affirm that judgment.
n. Discussion
Appellant first contends that the court’s finding, that he was not wearing a helmet in compliance with the law, was erroneous. This argument, given the facts, is meritless and requires no further discussion.
It is appellant’s next contention—the jurisdictional challenge to the municipal court based on the lack of a verified complaint—that we address. Appellant contends that a written notice to appear on an approved form, when filed in lieu of a formal complaint, may not serve as a complaint for all purposes as to confer jurisdiction on the court to proceed to trial. Appellant *Supp. 4 further argues that in all cases where the accused pleads not guilty the prosecutor must file a formal verified complaint before proceeding further. We disagree.
Vehicle Code section 40513, subdivision (a) provides: “Whenever written notice to appear has been prepared, delivered, and filed with the court, or whenever notice has been given pursuant to the provisions of section 41102, an exact and legible duplicate copy of the notice when filed with the magistrate, in lieu of a verified complaint, shall constitute a complaint to which the defendant may plead ‘guilty’ or ‘nolo contendere.’
“If, however, the defendant violates his promise to appear in court or does not deposit lawful bail, or pleads other than ‘guilty’ or ‘nolo contendere’ to the offense charged, a complaint shall be filed which shall conform to the provisions of Chapter 2 ... of Title 5, Part 2, the Penal Code, and which shall be deemed to be an original complaint, and thereafter proceedings shall be had as provided by law, except that a defendant may, by an agreement in writing, subscribed by him and filed with the court, waive the filing of a verified complaint and elect that the prosecution may proceed upon a written notice to appear.”
Vehicle Code section 40513, subdivision (b) provides: “Notwithstanding the provisions of subdivision (a) of this section, whenever the written notice to appear has been prepared on a form approved by the Judicial Council, an exact and legible duplicate copy of the notice when filed with the magistrate shall constitute a complaint to which the defendant may enter a plea, and if the notice to appear ... is not verified, the defendant may, at the time of arraignment, request that a verified complaint be filed.”
The first eight words of Vehicle Code section 40513, subdivision (b), “Notwithstanding the provisions of subdivision (a) of this section,” clearly indicate that the provisions of subdivision (b) are to be read as an exception to subdivision (a). Secondly, while subdivision (a) specifies that a guilty plea or a plea of nolo contendré may be entered to any notice to appear, subdivision (b) has no limiting language with respect to a particular type of plea that can be entered to a written notice to appear that has been prepared on a form approved by the Judicial Council. Clearly, the intent with respect to subdivision (b) was that it apply to any plea.
Thus, we read Vehicle Code section 40513, subdivision (b) to mean where, as here, the written notice to appear has been prepared on a form approved by the Judicial Council, an exact and legible duplicate copy of the notice when filed with the magistrate shall constitute a complaint to which *Supp. 5 the defendant may enter a plea, i.e., a plea of guilty, a plea of nolo contendere, or a plea of not guilty.
We are also mindful of the decision in Heldt v. Municipal Court (1985) 163 Cal.App.3d 532 [209 Cal.Rptr. 579], which examined the virtually identical Penal Code section 853.9. In Heldt, the court held that under Penal Code section 853.9, a notice to appear prepared on a form approved by the Judicial Council may be filed in lieu of a formal verified complaint even where the defendant enters a not guilty plea and the case proceeds to trial. The same analysis can be applied here.
III. Conclusion
Thus, we conclude that the notice to appear in this case, to which a not guilty plea was entered, properly served as a complaint to initiate the prosecution and confer jurisdiction on the court to proceed to trial on the offense charged.
Exarhos, J., and Revak, J., concurred.