Filed 4/28/25

<u>**CERTIFIED FOR PUBLICATION**</u>


**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF RIVERSIDE**

**APPELLATE DIVISION**


| | |
|---|---|
| **ROBERT MICHAEL BEASLEY**, | |
| Petitioner, | Case No: APRI2400144 |
| v. | (Trial Court: 7N4N0037GRB) |
| **SUPERIOR COURT OF RIVERSIDE COUNTY**, | |
| Respondent, | |
| **THE PEOPLE OF THE STATE OF CALIFORNIA**, | |
| Real Party in Interest. | |
| | |
| **MAXIM YURIEVICH MARKOVIN**, | |
| Petitioner, | Case No: APRI2400145 |
| v. | (Trial Court: 00Q5001DYMM) |
| **SUPERIOR COURT OF RIVERSIDE COUNTY**, | |
| Respondent, | |
| **THE PEOPLE OF THE STATE OF CALIFORNIA**, | **PER CURIAM OPINION** |
| Real Party in Interest. | |

1

ORIGINAL PROCEEDINGS in mandate and prohibition. Joshua Knight, Judge. Petitions denied.

J. Brian Campbell for Petitioners.

No appearance for Respondent.

No appearance for Real Party in Interest.

**THE COURT**[*]

These two petitions for extraordinary writ present the question of whether an older and slightly modified version of a traffic violation notice to appear form, which the Judicial Council has since revised, remains eligible to serve as a complaint under Vehicle Code section 40513, subdivision (b). We hold in the affirmative and deny the petitions, which we have consolidated for decision. (See *In re Carl H.* (2017) 7 Cal.App.5th 1022, fn. 1; *People v. Superior Court (Kenner)* (1977) 73 Cal.App.3d 65, 67–68.)

## PROCEDURAL BACKGROUND

In case APRI2400144, on May 2, 2024, an officer of the California Highway Patrol (CHP) cited petitioner Beasley for an infraction violation of Vehicle Code section 22348, subdivision (c), which generally prohibits driving certain large or specialized vehicles outside of the rightmost or otherwise designated lane. The officer issued Beasley a notice to appear which purported to be on "Judicial Council of California Form TR-135," revised January 1, 2024.

In case APRI2400145, on June 18, 2024, a different CHP officer cited petitioner Markovin for an infraction violation of Vehicle Code section 21461, subdivision (a), failure to obey a traffic sign or signal. The officer issued Markovin a notice to appear on a form practically identical to

[*] FIRETAG, P. J.; WOOD, J.; VELÁSQUEZ, J.

the one issued to Beasley, except that it purported to be "Judicial Council of California Form TR-130," revised January 1, 2024.[1]

At their arraignments on October 22, 2024, both petitioners demurred to the notices to appear, insofar as they were now serving as criminal complaints, on the ground that they were not, in fact, on a form approved by the Judicial Council, and thus that they did not conform to the statutory requirements for a complaint. In particular, each petitioner argued that the filed notice was on an older, revoked form, falsely indicated that it was currently authorized, and fatally differed from the approved form because the filed notice lacked a large amount of the approved form's instructional text informing the cited person of their options in response. Beasley further pointed out that there actually is no form TR-135 with a revision date of January 1, 2024, because the Judicial Council withdrew that form as of that date. The trial court overruled the demurrers and petitioners entered pleas of not guilty.

On November 21, 2024, petitioners filed petitions for writ of mandate and prohibition in this court. (See *Lopez v. Superior Court* (2008) 160 Cal.App.4th 824 [engaging in writ review of an order overruling a demurrer].) We issued orders to show cause and stayed proceedings in the trial court. The District Attorney declined to respond to the orders to show cause. (See *People ex rel. Kottmeier v. Municipal Court* (1990) 220 Cal.App.3d 602, 608–610.)

**DISCUSSION**

*Statutory Framework*

Because "'"'[a] demurrer raises an issue of law as to the sufficiency of the accusatory pleading, and it tests only those defects appearing on the face of that pleading,'"'"' we will "'review

---

[1]     There were a couple of other extremely minor differences between the two notices. For example, in one the space for the cited person's name was labeled "Name (First, Middle, Last)," and in the other it was labeled "Name (First, Middle, Last)/(Company)."

3

the order overruling defendant's demurrer de novo.'" (*Hoffman v. Superior Court* (2017) 16 Cal.App.5th 1086, 1090–1091 [applying the appellate standard to writ review].)

"[T]he vast majority of" traffic infraction cases begin after a traffic stop, during which "the officer . . . prepare[s] a written notice to appear (i.e., a citation or "ticket") and . . . release[s] the violator "forthwith" when the latter in turn gives his written promise that he will appear as directed" in court. (*People v. Superior Court (Simon)* (1972) 7 Cal.3d 186, 199.) The Legislature has delegated to the Judicial Council the duty to "prescribe the form of the notice to appear" (Veh. Code, § 40500, subd. (b)), but there is no rule of law that in this situation a citing officer is required to use the Judicial Council form (see also *post*, at p. 8, fn. 5). Indeed, the basic contents of a valid notice to appear are set forth by statute:

> [T]he arresting[2] officer shall prepare in triplicate a written notice to appear . . . containing the name and address of the person, the license number of his or her vehicle, if any, the name and address, when available, of the registered owner or lessee of the vehicle, the offense charged and the time and place when and where he or she shall appear.

(Veh. Code, § 40500, subd. (a).) Once the notice to appear is complete, the officer gives a copy to the cited person and files another copy with the court. (Veh. Code, §§ 40500, subd. (d), 40504, subd. (a), 40506.)

The copy filed with the court is the one we are concerned with here, because Vehicle Code section 40513 imbues it with special importance. Specifically, the notice to appear can serve as the complaint — the accusatory pleading in the traffic infraction case — to varying scope, in lieu of a traditional complaint filed by the prosecuting attorney. (See Gov. Code, §§ 26500, 72193,

---

2       A traffic violator is technically under arrest "when the officer determines there is probable cause to believe that an offense has been committed and begins the process of citing the violator to appear in court," and "'[t]he Vehicle Code . . . refers to the person awaiting citation as "the arrested person."'" (*Simon*, *supra*, 7 Cal.3d at p. 200.)

4

subd. (a); Pen. Code, §§ 19.7, 691, subd. (c), 949.) Any statutorily sufficient notice to appear "shall constitute a complaint to which the defendant may plead 'guilty' or 'nolo contendere.'" (Veh. Code, § 40513, subd. (a).) However, if the defendant wishes to enter a different plea, almost always a plea of not guilty (see Pen. Code, § 1016), a notice to appear can only suffice as the complaint and confer jurisdiction to proceed to trial if it "has been prepared on a form approved by the Judicial Council" (Veh. Code, § 40513, subd. (b); see generally *People v. Barron* (1995) 37 Cal.App.4th Supp. 1; cf. *Schmidlin v. City of Palo Alto* (2007) 157 Cal.App.4th 728, 752–753 [discussing the analogous provision for non-traffic cases]). If the notice to appear is not on a form approved by the Judicial Council, and the defendant does not plead guilty or nolo contendere, the case can only proceed if the prosecutor files a traditional complaint. (Veh. Code, § 40513, subd. (a) [also noting that the defendant may, in writing, waive this requirement].) A demurrer is available to challenge a non-conforming notice to appear. (Pen. Code, § 1004, subds. (a), (e).)

Vehicle Code section 40513, subdivision (b), however, contains a latent ambiguity that forms the crux of this case: Does "a form approved by the Judicial Council" include a form that *has been* approved by the Judicial Council, or does it exclusively mean a form that *is currently* approved by the Judicial Council? A brief history of the forms in question will provide the necessary background to this question, drawn from a report to the Judicial Council from that body's Traffic Advisory Committee (hereafter Report), the recommendations of which the Judicial Council adopted in full at its meeting on September 19, 2023.[3]

---

[3] We take judicial notice of the relevant documents. (Evid. Code, § 452, subd. (c).) The Report is available at: <https://jcc.legistar.com/View.ashx?M=F&ID=12248188&GUID=2BC087 8A-4133-4895-98FB-CAD8BB58771A> [as of Apr. 14, 2025]. The meeting minutes, with the relevant approval observed on pages 3 and 25, are available at: <https://jcc.legistar.com/View.ashx ?M=M&ID=989274&GUID=6F18D15A-F642-4C92-A7A7-B8C7ECC11864> [as of Apr. 14, 2025].

*History of the Forms and Comparison with Those Used in the Present Case*

From 2015 through 2023, the Judicial Council had promulgated separate forms, notably TR-130 and TR-135, depending on whether or not the officer was going to execute the notice to appear electronically. (Report, at pp. 2, 17–19, 59–61 [including copies of those forms].) The changes recommended in the Report, which took effect on January 1, 2024 (see Report, at p. 1), involved two significant components for purposes of this case. First, the Judicial Council made a number of changes to form TR-130, which fall into three categories: (1) changes "to improve litigants' understanding of the necessary steps to address their citations," such as moving the "date of required action and court addresses to the top of the citation," adding "a warning to the top to emphasize consequences for failing to act," and increasing "the font size on the back of the citation"; (2) changes to "improve the form for law enforcement agencies," like removing the "redundant" field to enter the day of the week and replacing "'Case No.' with 'Agency Case No.'"; and (3) a change to comply with new legislation by replacing the box for noting evidence of financial responsibility with a box for noting the reason for the traffic stop. (Report, at pp. 3–4, 14–16 [including a copy of the new form].) Second, "[g]iven technological advances," it was determined "that separate electronic notice to appear forms are no longer necessary and that the redesigned form TR-130 can efficiently serve both paper and electronic formats." (Report, at p. 5.) Accordingly, form TR-135 was "revoked" "as redundant." (Report, at pp. 2, 5, 11, 17–19.)

It is beyond doubt that the notices to appear issued and filed in this case were not on forms that were currently approved by the Judicial Council at the time, because they were on the old versions of forms TR-130 and TR-135, not the new consolidated version of form TR-130. Further, a comparison between the notices to appear in this case and the Judicial Council's formerly promulgated versions — with allowances for areas that the Judicial Council has permitted law

6

enforcement agencies to modify as desired — shows that there are no material differences between them from the perspective of a court handling the ensuing infraction case. More to the point, the forms used here lack none of the case-specific information that the Judicial Council required at the time, and provide it in substantially the same order and format. Granted, they do include extra information, but the Judicial Council effectively allowed for this by including a generic box for comments in the standard form. (Compare appen., *post*, with Report, at pp. 17–19, 59–61; see Judicial Council Forms, form TR-INST, §§ 5.000, 5.010; see also Veh. Code, § 2806.5, subd. (a).)[4]

The only notable differences are, first, that both notices to appear used here purport to be on forms revised January 1, 2024. While it is true that the Judicial Council did not issue such a revision of these forms in this format, it is plausible enough on the face of it that the revision date actually refers to the last time CHP modified the form which, again, they have some ability to do. Additionally, the TR-130 form used in Markovin's case directed him to "follow the instructions below" to appear in court, rather than "the instructions on the reverse," and both notices to appear seem to have lacked the detailed but generic information on the reverse side of the form. But these are minor errors that do not affect the substance of the operative portion of the notice to appear, for reasons we will discuss in more depth below.

*Analysis*

We return to the key legal question before us, and reiterate it: What does it mean for a form to be "approved by the Judicial Council" within the meaning of Vehicle Code section 40513, subdivision (b)?

> In independently interpreting a statute, our task is to ascertain and effectuate the law's intended purpose. [Citation.] In interpreting a statute, we look first to the statute's words. . . .

---

[4] We have redacted detailed identifying information from the forms used in this case as reproduced in the appendix, because that information is not relevant to the discussion.

7

> However, if the statutory language is ambiguous and is reasonably susceptible to more than one meaning, we look to a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part. [Citation.] Our ultimate objective in interpreting a statute is to construe the statute in a way that most closely comports with the apparent intent of the Legislature.

(*People v. LaDuke* (2018) 30 Cal.App.5th 95, 100.)

It bears emphasis that our examination is into what the *Legislature* intended, as that body was the one that enacted the applicable statutory text. There is no basis in that text to find a legislative delegation to the Judicial Council of the plenary authority to determine, in every respect, the manner in which traffic infractions must be alleged via notice to appear.[5] And even if this were a plausible reading, we would reject it as unnecessarily "'"rais[ing] serious and doubtful constitutional questions"'" (*People v. Guiterrez* (2014) 58 Cal.4th 1354, 1373), because such a delegation, built on as thin a statutory foundation as we have here, would run a real risk of violating the constitutional principle of the separation of powers due to lacking the necessary guidance from the Legislature in establishing both "the fundamental policy" goals and "a yardstick guiding" the exercise of the delegated power (*People v. Wright* (1982) 30 Cal.3d 705, 712–713; see *Lovelace v. Superior Court* (2025) 108 Cal.App.5th 1081, 1097; *Laborers' Internat. Union of North America*, *supra*, 208 Cal.App.3d at p. 1002; see also *Trans-Action Commercial Investors, Ltd. v.*

---

[5]    Government Code section 68511 provides, as a general rule, that when the Judicial Council has "prescribed" a form "by rule," "no court may use a different form" for the same purpose. This general rule must yield to the specific rule of Vehicle Code section 40315, which expressly recognizes the limited legitimacy of notices to appear on non-approved forms and distinguishes those, not with forms affirmatively *prescribed* for exclusive use by the Judicial Council, but rather with those merely *approved* by the Judicial Council. (See *People v. Superior Court (Ortiz)* (2022) 81 Cal.App.5th 851, 884 [specific statutes control over general ones].) Additionally, case law has recognized that Government Code section 68511 does not itself endow the Judicial Council with the authority to determine the sufficiency of initial pleadings. (*People ex rel. Dept. of Transportation v. Superior Court (Verdeja)* (1992) 5 Cal.App.4th 1480, 1484.)

8

*Jelinek* (1997) 60 Cal.App.4th 352, 364 [the Legislature has the "primary constitutional authority to provide the rules governing judicial procedure"]).

As a result, the Judicial Council's own rules on how to use forms are only relevant to the extent the Legislature has impliedly incorporated them in Vehicle Code section 40513, which is simply another way of articulating the inquiry. The question is thus not broadly whether the use of outdated forms is fully permissible under all applicable rules of court. (See Cal. Rules of Court, rules 1.37 ["[a] person serving and filing a Judicial Council form must use the current version of the form"]; 4.103(a) [mandating compliance with the instructional "requirements in the current version of" form TR-INST]; see generally Judicial Council Forms, form TR-INST, §§ 2.010, 3.010.) Nor do we see that the Judicial Council has unequivocally advanced a particular interpretation of the statute. (Compare Judicial Council Forms, form TR-INST, § 3.010(a) [officers "*must* use the revised Notice to Appear form by the effective date of the revised form if it is to serve as a complaint" (emphasis added)], with § 6.000 ["[l]aw enforcement agencies should be aware that if a written Notice to Appear is not prepared on an approved Judicial Council form, a court *may* conclude that it does not constitute a complaint to which a defendant may enter a plea" (emphasis added)]; see also Cal. Rules of Court rule 1.37 [distinguishing between multiple versions of a single approved form, not approved and nonapproved versions of the form].) Rather, the question is, quite narrowly, whether the intent of the Legislature is that an older or slightly modified Judicial Council form can remain competent for the sole and specific purpose of serving as an infraction complaint in traffic court. The statutory incorporation of certain acts of the Judicial Council in drafting forms does not necessarily mean that the statute assimilates everything the Judicial Council has to say on the topic of notices to appear. On the contrary, "one must look at the statutes enacted by the Legislature to determine the controlling authority of rules of court

9

adopted by the" Judicial Council. (*Laborers' Internat. Union of North America v. El Dorado Landscape Co.* (1989) 208 Cal.App.3d 993, 1005; see also *California Court Reporters Assn. v. Judicial Council of California* (1995) 39 Cal.App.4th 15, 22 ["the legislative branch [is] an inherently higher authority than the Judicial Council"].) In short, deviations from the rules of court do not necessarily constitute deviations from the statutory directive.

Looking, then, at the structure of Vehicle Code section 40513, the primary distinction the statute makes is between variable and unscrutinized locally drafted notices to appear (subd. (a)) and standardized and vetted statewide notices to appear (subd. (b)). But there is no indication that rigid uniformity is the primary legislative goal with respect to the latter. Even the Judicial Council authorizes certain variations "[t]o meet the unique customs and/or needs of local law enforcement agencies and courts . . . ." (Judicial Council Forms, form TR-INST, § 5.010.) And when the Legislature does desire such uniformity, it gives the Judicial Council detailed guidance on how to proceed. (Cf. Fam. Code, § 17400, subd. (d) ["[t]he Judicial Council . . . shall develop simplified . . . forms for any action for support brought pursuant to this section"]; *County of Lake v. Palla* (2001) 94 Cal.App.4th 418, 424–425.) Here, in the absence of such detailed guidance, we instead surmise that the Legislature's primary goal is to rely on the Judicial Council's ample expert and deliberative resources to audit notice to appear forms for legal sufficiency and completeness. The Judicial Council's positive assessment of the propriety of a given form is a matter of historical fact, and does not necessarily and automatically vanish when they issue a revised form — especially here, where the older forms in question had been approved and used without issue for almost a decade before revisions were enacted.

Turning to the broader legal scheme, any interpretation of Vehicle Code section 40513, subdivision (b) that mandates use of the most recent form on pain of demurrer retreats toward a type of formalism in pleading that the Legislature eschewed almost a century ago.

> "The statutes have relieved the administration of criminal law of much of the unnecessary strictness of the older English forms of pleading. They have abolished the subtle distinctions and technicalities formerly required in indictments, and have worked a change in pleading and practice in criminal actions similar to that wrought by the Code of Civil Procedure in civil actions.
>
> Moreover, the amendments in 1927 and 1929 of the statutes relating to pleadings in criminal cases further liberalized the rules of pleading in criminal prosecutions, and the sufficiency of an accusatory pleading is not to be tested either by the rigorous rules of the common law or by the rules that existed before the statutory amendments of 1927 and 1929. The pleading is formally sufficient if, in substance, it charges the defendant with the commission of a public offense in words sufficient to give him notice of the offense of which he is accused. Only the essential elements of the offense need be charged."

(*Brown v. Superior Court* (1965) 234 Cal.App.2d 628, 632 [quoting 26 Cal.Jur.2d, Indictment and Information, § 38].) In light of the law's preference "to provide simplified and expeditious procedures for the adjudication of less serious traffic offenses" (*People v. Carlucci* (1979) 23 Cal.3d 249, 257), we interpret the Legislature's intent for traffic infractions consistently with, and certainly not more strictly than, its intent for felonies and misdemeanors. And indeed here, the once-approved Judicial Council forms the CHP officers issued to defendants in this case fully honor the Legislature's directions as to the information to be included in a complaint (Pen. Code, §§ 950, 952, 958, 959), and fully serve the purpose of such a pleading. As was held in *People v. Bright* (1996) 12 Cal.4th 652, 670, overruled on another ground in *People v. Seel* (2004) 34 Cal.4th 535,

> the purpose of the charging document is to provide the defendant with notice of the offense charged. [Citation.] The charges thus must contain in substance a statement that the accused has committed some public offense, and may be phrased in the words of the enactment describing the offense or in any other words sufficient to

11

afford notice to the accused of the offense charged, so that he or she may have a reasonable opportunity to prepare and present a defense.

Furthermore, under Penal Code section 960, "[n]o accusatory pleading is insufficient, nor can the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form which does not prejudice a substantial right of the defendant upon the merits." Here, the use of an older form, that had long been approved but which has since been revised, works no such prejudice.

Similarly, we do not observe any aspect in any modifications to the forms used here, or the omission of any boilerplate instructional text, that materially impair the forms' ability to function as complaints. Substantial compliance, rather than strict compliance, is the appropriate lens to use, as has been understood in the analogous non-traffic context. (*People v. Gompper* (1984) 160 Cal.App.3d Supp. 1, 7–8 [so holding in the analogous context of Pen. Code, § 853.9]; see also Civ. Code, §§ 3528 ["[t]he law respects form less than substance"], 3533 ["[t]he law disregards trifles"].) Indeed, the Legislature knows how to prohibit alterations to a Judicial Council form, if that is its intent. (See Veh. Code, § 40518, subd. (d) [so directing with respect to automated traffic enforcement forms, though still only expressly authorizing dismissal for material alterations].) Here, while there are a number of minor and superficial differences between the forms used in the present cases and the current Judicial Council form, the core substance is overwhelmingly the same. (Compare appen., *post*, with Judicial Council Forms, form TR-INST, at p. 14.)

We therefore conclude that once a notice to appear form has been approved by the Judicial Council, it is "a form approved by the Judicial Council" within the meaning of Vehicle Code section 40513, subdivision (b). The fact that the Judicial Council has recently promulgated a new version of the applicable form, or has replaced it with a differently numbered form, does not, ipso facto, change that character. We do not endeavor here to address under what circumstances an

12

older or modified form becomes incompetent for this purpose, because in the case before us any deviations from the current form are immaterial in substance. Nevertheless, we strongly encourage law enforcement agencies that use a Judicial Council form for a notice to appear to use the current version of that form. Failure to do so remains a violation of the rules of court (see *ante*, at p. 9), notwithstanding the fact that the error does not automatically grant defendants a remedy in their ensuing traffic case.

For these reasons, the trial court properly overruled defendants' demurrers and we will not issue writs to disturb those rulings.

## DISPOSITION

The petitions for writ of mandate and prohibition are denied. The stays this court imposed on the trial court proceedings shall be deemed lifted upon this decision becoming final.

13



APPENDIX

STATE OF CALIFORNIA
DEPT. OF CALIFORNIA HIGHWAY PATROL
NOTICE TO APPEAR
CHP 215 (REV 01/24)

**7N4N0037G**

☐ MISDEMEANOR
☒ TRAFFIC ☐ NONTRAFFIC

| Date of Violation | Time | Day of Week | ☐ CHP 215s |
|---|---|---|---|
| 05/02/2024 | 06:20 PM | THURSDAY | ☐ Accident |

Name (First, Middle, Last)/(Company)    ☐ Owners responsibility (§40001 VC)
**ROBERT MICHAEL BEASLEY**

Address

| City | State | ZIP Code |
|---|---|---|

| Driver Lic. No. (ID) | State/Country | Class | Commercial | Age | Birth Date |
|---|---|---|---|---|---|
| | | A | ☒ Yes ☐ No | | |

| Sex | Hair | Eyes | Height | Weight | Race/Ethnicity |
|---|---|---|---|---|---|

Veh. Lic. No. or VIN No.    State    Reg. Exp.    ☒ Comm.Veh. (§15210(b) VC)

| Yr. of Veh. | Make | Model | Body Style | Color | Type | ☐ Hazmat (§353 VC) |
|---|---|---|---|---|---|---|
| 2019 | KW | TRK TRC | TR | BLU | 25 | |

Evidence of Financial Responsibility or CHP/DOT/PUC/ICC

Registered Owner or Lessee    ☐ Same as driver

Address    ☐ Same as driver

| City | State | ZIP Code |
|---|---|---|

Reason for Stop
**COMBO VEHICLE OUT OF LANE**

☐ Booking Required (See Below)

Correctable Violation (§40610 VC)    Misdemeanor or Infraction
Yes/No    Code and Section    Description    M  I
☐ ☒  VC 22348(c) FAILURE TO DRIVE IN THE    ☐ ☒
RIGHT-HAND LANE(S)
☐ ☐    ☐ ☐
☐ ☐    ☐ ☐
☐ ☐    ☐ ☐

| Speed Approx. | P.F. / Max Spd | Veh.Lmt. | Safe | Special |
|---|---|---|---|---|
| > | | | | |

Location of Violation (s) **I-15 NORTHBOUND N/OF RANCHO**
at: **CALIFORNIA ROAD**

| Beat | Area | Perm. Area | Patrol Vehicle No. | MVARS |
|---|---|---|---|---|
| 030 | 685 | 685 | 1540269 | ☒ |

☐ Violations not committed in my presence, declared on information and belief.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Executed at (place): Temecula    , California

| | | | Fm: |
|---|---|---|---|
| 05/02/2024 RONALD L HARRIS JR | 015906 | | To: |
| Dec. Date  Arresting or Citing Officer | I.D. No. | Vacation Dates | |

| | | | Fm: |
|---|---|---|---|
| 05/02/2024 | | | To: |
| Dec. Date  Name of Arresting Officer if different from Citing Officer | Perm. Area | I.D. No. | Vacation Dates |

WITHOUT ADMITTING GUILT, I PROMISE TO APPEAR AT THE TIME AND PLACE INDICATED BELOW.

X SIGNATURE _____

WHEN:  DATE: 07/31/2024    TIME: 12:30 PM
WHAT TO DO:  FOLLOW THE INSTRUCTIONS BELOW.
WHERE:    Southwest Justice Center
ADDRESS:  30755-D Auld Road
Murrieta, CA 92553
PHONE NO.: 951-222-0384

**7N4N0037G**

☐ To be notified

☐ You may arrange with the clerk to appear at a night session of the court.

Judicial Council of California Form TR-135
REV 01-01-24 (VC 40500(b), 40513(b), 40522, and 40600; PC 853.9 and 959.1)
SEE BELOW

STATE OF CALIFORNIA
DEPT. OF CALIFORNIA HIGHWAY PATROL
NOTICE TO APPEAR
CHP 215 (REV 01/24)

**00Q5001DY**

☐ MISDEMEANOR
☒ TRAFFIC ☐ NONTRAFFIC

RECEIVED JUL 0 5 2024

| Date of Violation | Time | Day of Week | |
|---|---|---|---|
| 06/18/2024 | 07:46 AM | TUESDAY | ☐ CHP 215s ☐ Accident |

Name (First, Middle, Last)   ☐ Owners responsibility (§40001 VC)
**MAXIM YURIEVICH MARKOVIN**

Address ▮

| City | | State | ZIP Code |
|---|---|---|---|
| ▮ | | | |

| Driver Lic. No. | State/Country | Class | Commercial | Age | Birth Date |
|---|---|---|---|---|---|
| | | A | ☒ Yes ☐ No | | |

| Sex | Hair | Eyes | Height | Weight | Race/Ethnicity |
|---|---|---|---|---|---|
| | | | | | |

Veh. Lic. No. or VIN No.      State   Reg. Exp.   ☒ Comm. Veh. (§15210(b) VC)
☐ Hazmat (§353 VC)

| Yr. of Veh. | Make | Model | Body Style | Color | Type |
|---|---|---|---|---|---|
| 2019 | VOLV | 3X | TR | RED | 25 |

Evidence of Financial Responsibility or CHP/DOT/PUC/ICC

Registered Owner or Lessee      ☐ Same as driver

Address      ☐ Same as driver

| City | | State | ZIP Code |
|---|---|---|---|
| | | | |

Reason for Stop
**SCALE BYPASS**

☐ Booking Required (See Below)

Correctable Violation (§40610) VC       Misdemeanor or Infraction
Yes/No   Code and Section   Description      M   I
☐ ☒ VC 21461(a) OFFICIAL TRAFFIC SIGN OR SIGNAL, ALL TRUCKS STOP AT SCALE   ☐ ☒

☐ ☐                    ☐ ☐
☐ ☐                    ☐ ☐
☐ ☐                    ☐ ☐

| Speed Approx. | P.F. / Max Spd | Veh.Lmt. | Safe | Special |
|---|---|---|---|---|
| | | | | 256 |

Location of Violation (s)   **NORTH I-15 AT RAINBOW SCALE**
at:

| Beat | Area | Perm. Area | Radar/Lidar Unit/Patrol Vehicle No. | MVARS |
|---|---|---|---|---|
| 859 | 675 | 675 | 1283959 | ☐ |

☐ Violations not committed in my presence, declared on information and belief.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at (place):   **Unincorporated**

| 06/18/2024 | R. QUIÑONES | 019421 | to |
|---|---|---|---|
| Dec. Date | Arresting or Citing Officer | I.D. No. | Vacation Dates |

| 06/18/2024 | | | to |
|---|---|---|---|
| Dec. Date | Name of Arresting Officer if different from Citing Officer | Perm. I.D. No. Area | Vacation Dates |

WITHOUT ADMITTING GUILT, I PROMISE TO APPEAR AT THE TIME AND PLACE INDICATED BELOW.

X SIGNATURE _____

WHEN:   DATE: 09/16/2024   TIME: 08:30 AM
WHAT TO DO:   FOLLOW THE INSTRUCTIONS BELOW.
WHERE:   Southwest Justice Center
ADDRESS:   30755-D Auld Road
Murrieta, CA 92553
PHONE NO.: 9512220384

00Q5001DY

☐ To be notified
☐ You may arrange with the clerk to appear at a night session of the court.

Judicial Council of California Form TR-130
REV. 01-01-24 (§§ 40500(b), 40513(b), 40522, 40600 VC; § 853.9 PC)
SEE BELOW